CASE 123—PROCEEDING BY COMMONWEALTH FOR USE OF ONE GUTHRIE AGAINST DANIEL RIEDEL, SHERIFF, TO DETERMINE WHO IS ENTITLED TO PENALTY ON COLLECTION OF UNPAID TAXES.—NOVEMBER 3.

# Riedel, Sheriff v. Commonwealth, use of Guthrie.

APPEAL FROM CAMPBELL CIRCUIT COURT—A. S. CAMPBELL, CIRCUIT JUDGE.

JUDGMENT FOR GUTHRIE AND DEFENDANT APPEALS. AFFIRMED.

TAXATION—OMITTED PROPERTY—AUDITOR'S AGENTS—STATEMENTS—OBJECTIONS—PENALTY—OFFICER ENTITLED—STATUTES—CONSTRUCTION.

1. Where a statement filed by an auditor's agent against the estate of a decedent to collect unpaid taxes was insufficient, the objection could be raised only by motion to make it more definite and certain, and not by demurrer.

2. As between an auditor's agent and the sheriff, the one first filing·

Riedel, Sheriff v. Commonwealth, use of Guthrie.

an information or statement against a decedent's estate to re-
cover unpaid taxes under Ky. St. 1903, sec. 4241, is entitled to re-
ceive the penalty.

3. Ky. St. 1903, sec. 4241, provides that it shall be the duty of the
sheriff or auditor's agent to list all omitted property for tax-
ation whereupon a proceeding shall be instituted to collect the
tax, and, if it be found that the property is liable to assessment,
the county court shall certify to the auditor of public accounts
and the sheriff a description of the property, and the amount of
the assessment, together with penalty and costs, and that as com-
pensation for his services in causing the property to be as-
sessed the officer filing the statement shall be entitled to the
penalty. HELD, that such section applied to all State, county,
and district taxes assessed from the list of taxable property re-
turned by the county assessor.

C. L. RAISIN, JR., ATTORNEY FOR APPELLANT.

### PROPOSITION.

1. Where both the auditor's agent, and the sheriff institute
proceedings in the county court to have property listed and as-
sessed for taxation the party upon whose statement and infor-
mation and as a result of whose effort the property was actually
listed and assessed and the taxes collected is entitled to receive
the penalty on the taxes collected irrespective of the question
as to which in point of time first filed his statement in the
county clerk's office. Section 4241, Kentucky Statutes, 1903.

2. Where the auditor's agent filed a general statement in the
county clerk's office seeking to have property omitted from tax-
ation listed and assessed for taxation, merely stating that the de-
linquent tax payer had a certain amount of cash on deposit in a
certain bank, and in which bank there was no money of the es-
tate sought to be assessed and the sheriff files a statement in the
county clerk's office describing particularly the property sought
to be assessed and includes property, notes and cash not men-
tioned or described in the statement filed by the auditor's agent
and the property mentioned and described by the sheriff is ac-
tually listed and assessed for taxation by the county court and
the taxes collected by the sheriff he is entitled to the penalties
on the taxes so assessed and collected by him.

3. The auditor's agent has no authority in law or in fact to
cause property to be listed and assessed for taxation by the
county court for Campbell county and court house district taxes,
and in any event in the case at bar the sheriff of Campbell
county is entitled to have and receive the penalty on the county

and court house district taxes collected by and paid to him. Sec-
tions 4260, 4261, 4263, 4264, 4265, 4267, Kentucky Statutes 1903.

4. The lower court erred in sustaining plaintiff's demurrer to
second paragraph of defendant's answer and amended answer,
and in striking out the first paragraph thereof.

5. The court erred in rendering judgment against the defend-
ant without giving him leave and time to plead further.

JAMES C. WRIGHT AND JAMES M. GUTHRIE, FOR APPELLEE.

PROPOSITIONS DISCUSSED, AND AUTHORITIES CITED.

1. That as between the sheriff and auditor's agent, the one
that files the first information is entitled to the penalty. Butler
v. Watkins, 16 Law Rep., 302; Harrison v. Wilkerson, 26 Law
Rep., 260; Sec. 4241, Ky. Stats.

2. As to the sufficiency of appellee's statement. Com. v.
Zweigart's Ad., 24 Law Rep., 2147; Harrison v. Wilkerson, 24
Law Rep., 260; Sec. 1839, Ky. Stats; Sec. 4241, Ky. Stats., Act,
April 11, 1882, sec. 2.

3. As to appellant's right to answer after demurrer was sus-
tained twice, and case had been pending for five months. Weis-
kopt v. Newman, 24 Law Rep., 36; Com. v. Davis, 9 B. Mon.,
131; Bliss on Code Pleading, sec. 323.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

One John Cline, of Campbell county, died in the month of
August, 1902, and left a large estate, consisting of lands
and personal property. It appears that his personal prop-
erty had never been listed nor assessed for taxation, nor had
he paid any taxes thereon. On the 4th of September, 1902,
appellee Guthrie filed a statement under section 4241, Ky.
St., 1903, in the Campbell county court, against Oliver W.
Root, curator of Cline's estate, by which statement he sought
to require the curator to list for taxation this personal
property, which he alleged had for the last nine years escaped
taxation. On the filing of this statement, a rule or summons
was issued against Root, as curator, returnable on the 15th
day of October, 1902, to show cause, if any he could, why
the estate of his decedent should not be assessed for taxes,

and the same, with the penalty thereon, collected.    The curator was also directed to produce in court the bank and pass books of the decedent for the last ten years next prior to the death of Cline.    This rule or summons was served on Root on the next day, September 5th, by one of appellant's deputies.    On the 10th day of September, 1902, appellant, Riedel, as sheriff, also filed a statement in the Campbell county court against Root, as such curator, for the same purpose as appellee, Guthrie, and caused a rule or summons to be served upon Root by the same deputy that served Guthrie's process.    After this another revenue agent by the name of Gus Menninger instituted another proceeding in the same court against the same party, and for a like purpose.

It appears from the pleadings in this case that appellee, Guthrie, and the attorneys representing Cline's estate had agreed upon a settlement of the matter, and had prepared an order to be entered in the county court.    When they presented it the court refused to enter it until the attorneys for Riedel and Menninger were called in, which was done. The court then refused to determine in which case the order should be entered, and entered the order under the style of the three cases, to which appellee objected and excepted.    Cline's curator or administrator paid the taxes assessed by this order to the master commissioner of the circuit court (the suit having been brought in that court to settle Cline's estate).    The master commissioner paid this money to the appellant as sheriff, together with the 20 per cent. penalty.    The appellant then paid the State its part, and the county and taxing district their part, and retained the penalty, to wit, $835.    Appellee brought this action against appellant to recover this sum, and the lower court

allowed appellant 4 per cent. for collecting, and gave a judgment in favor of appellee for $801 against appellant and his surety, the Union Surety & Guaranty Company, which, as to the surety company, was void for want of process; and from this judgment Riedel only has appealed.

The appellant contends that he is entitled to this penalty for the reason, as claimed by him, in his statement he gave an itemized statement of the property that was liable to assessment and the banks in which the money of the decedent had been deposited, which appellee, Guthrie, by his statement, failed to do. It is apparent that appellee's statement was filed before the appraisement of Cline's estate and appellant's after, and hence appellee's statement was not as explicit as that of appellant. In the cases of Commonwealth v. Zweigart's Adm'r, 115 Ky., 293, 73 S. W., 758, 24 Ky. Law Rep., 2147, and Same v. Longnecker, 73 S. W., 1132, 24 Ky. Law Rep., 2147, this court held that the advantage of the insufficiency or indefiniteness of a statement filed by an auditor's agent could not be taken advantage of by demurrer, but should be corrected by motion to make more definite. It appears in this case that the attorney for the decedent's estate did not object to appellee's statement, nor did he require the statement to be made more definite. Realizing that his decedent owed the taxes, he agreed to the entry of the order. This court has held in two cases that, as between the audior's agent and the sheriff, the one that files the first information or statement is entitled to receive the penalty. See Butler v. Watkins' Ex'rs, 27 S. W., 995, 16 Ky. Law Rep., 302, and Harrison v. Wilkerson, 80 S. W., 1190, 26 Ky. Law Rep., 260. The last case is almost identical with the case at bar, except that the contesting officers are reversed. In that case the sheriff filed the first information. The court held in that case that the county

court should have assessed the property upon the information that was first filed, and should have dismissed the other information or statement, and the one filing the first information was entitled to the penalty. The case would have been different if the one filing the second statement had alleged and proved that collusion existed between the one filing the first statement and those representing the decedent's estate for the purpose of aiding the estate in avoiding taxation on any part of its property.

Appellant also contends that appellee in any event is not entitled to the penalty on that portion of the taxes due the county and the taxing district. We can not agree with appellant in this. The only statute authorizing the assessment of omitted property is section 4241, Ky. St., 1903, and, in our opinion this does not apply to State taxes alone. If it does, there is no statute authorizing back assessments for county and district purposes, and consequently appellant would be now holding penalties collected on county and district taxes without authority of law, and which should be returned to the estate of Cline. In our opinion, this section applies to all taxes for State, county, and district purposes assessed from the list of taxable property returned by the county assessor.

Wherefore the judgment is affirmed.