Case 39.—PROCEEDING BY FRANK A. LUCAS FOR A MANDAMUS AGAINST S. W. HAGER, AUDITOR, TO PREVENT HIS REMOVAL AS AUDITOR'S AGENT.—April 14.

## Hager, Auditor v. Lucas.

Appeal from Franklin Circuit Court.

JOHN D. CARROLL, Special Judge.

Judgment for plaintiff, and defendant appeals.
Affirmed.

Auditor's Agents — Appointments — Term of Office — Removal —
   Under Kentucky Statutes, sec. 4259, providing that "the au-
   ditor of public accounts may appoint a revenue agent in
   each county of the State, and may in addition appoint four
   revenue agents from the State at large, whose term of office
   shall be four years," a revenue agent appointed on August
   28, 1902, for the State at large by the auditor then in office
   can not be removed from his office by the successor of the
   auditor who made the appointment, but is entitled to hold his
   office for four years from the date of his appointment.

CAMPBELL & CAMPBELL for appellant.

The only question seriously involved in this issue is the right
of the appellant as auditor to remove Lucas from office as reve-
nue agent for the State at large, and the construction of the act
of 1902, under which Lucas was appointed upon the three great
principles of the intention of the Legislature, the power of the
Legislature and public policy.    The first two questions may
logically be argued together.


ONE AND TWO.

THE INTENTION AND POWER OF THE LEGISLATURE.

Sec. 4258, Ky. Stats. (1903), reads as follows:
"The auditor of public accounts may appoint a revenue agent
in each county of this Commonwealth, and may in addition ap-
point not exceeding four revenue agents from the State at large,
whose term of office shall be for four years."

(a.) Sec. 4260 makes it the duty of revenue agents to list for
taxation any property which may have been omitted to have
been listed by the assessor in the county for which he is appointed,
and the same duty is imposed upon the revenue agents for the
State at large except their jurisdiction extends to any county,
city or town in the Commonwealth.

(b.) We also find that in sec. 4267 it is made the special duty
of the auditor to "diligently prosecute the collection of all back
taxes, license fees, etc.," and it may be stated right here that
it is for just such faithful performance of duties like this one,
as imposed by sec. 4267, that the auditor is required to execute
his bond to the Commonwealth of Kentucky.   It will thus be
seen that the revenue agent for the State at large has the same

Hager, Auditor v. Lucas.

duties imposed upon him as first, county auditor's agents; sec-
ond, sheriffs; and thirdly, the auditor.

(c.) It is our contention that the stipulation in sec. 4258, that
the term of office of revenue agents for the State at large shall
be four years, is merely directory in its nature, and was made
to carry out the consistency of the relative positions of auditor
and his subordinate revenue agent, because the term of office of
the auditor is four years, and was made to cure the defect which
has been cured in regard to other subordinates by sec. 140, which
expressly states that the term of office of assistant auditor and
clerks in the auditor's office shall expire with the expiration of
the term of the auditor.

(d.) When it becomes the province of a court to construe a
statute, the prime and fundamental thing to be arrived at is first
the intention of the Legislature, and after such intention is ar-
rived at, then it becomes the province of the court to modify
such statute to come within the purview of the intention, and
the Court of Appeals of this State has even gone so far as to
supply defects that were entirely omitted by the Legislature
where it is concluded that such was the intention.

## 3. PUBLIC POLICY.

(a.) It strikes us that the intimacy existing between the auditor
and the revenue agent is so close, and the agent is so pre-emi-
nently a member of the auditor's official family, that there is
bound to appear in this case a strong element of public policy.

(b.) If the revenue agent is a separate and distinct office from
that of auditor, and in nowise under his supervision and control,
and with no penalties attached to the non-performance of duties,
then the auditor is placed in the embarrassing attitude of having
duties imposed upon him which he cannot perform except at the
mere whim and caprice of another, and yet under his oath and
bond he is responsible for such dereliction of duty.

### LIST OF AUTHORITIES.

Ky. Stats., secs. 4258, 4260, 4241, 4267, 140; Hoke v. Common-
wealth, 3 Ky. Law Rep., 407; Hoke v. Ritchie, 37 S. W., 266;
Hoke v. Ritchie, 38 S. W., 132; Tansey v. Striger, 76 S. W., 537;
O'Brien v. City of Owensboro, 24 Ky. Law Rep., part 1, 469;
Chinn v. Shackleford, 78 S. W., 908; Ex Parte Duncan v. Hen-
nen, 13 Peters, 230; Offet v. Commonwealth, 10 Bush, 212; Dun-
lap v. Kennedy, 10 Bush, 539; Dubuc v. Vass, 92 Amer. Dec., 526;
U. S. v. Avery, Fed. Cases, 14481; Kennan v. Perry, 24 Texas,
253; State & Di Carlo v. Abbot, 41 La. Ann., 1096.

TAYLOR & LUCAS, HAZELRIGG, CHENAULT & HAZEL-RIGG and W. H. HOLT for appellee.

1. The questions involved upon this appeal are few and simple. No question is made but that the bond tendered was sufficient, and in proper form. No question is made but that a suit asking for a writ of mandamus is the proper remedy in the case. If the auditor had the right to remove the appellee from office, he had the right, after having done so, and it was his duty to refuse to accept the renewal of the bond herein. If he did not have this right, then it was the duty of the lower court to award the said writ of mandamus and this court will sustain the circuit court therein.

2. The appellant makes no question but that appellee has per-formed the duties of his office in a diligent and proper manner, and there is no charge of fault of any kind made against him. The only question then, in this case, is whether the auditor, under the law, has the power, arbitrarily and without fault on the part of the revenue agent, and without notice to him, or opportunity to be heard, to remove the revenue agent from office before the expiration of his term.

3. Sec. 4250 Ky. Stats., 1903, under which the appellee was appointed, is as follows:

"The auditor of public accounts may appoint a revenue agent in each county of this Commonwealth, and may in addition appoint not exceeding four revenue agents from the State at large, whose term of office shall be for four years."

4. Sec. 93 of the present Constitution provides:

"Inferior State officers not specifically provided for under this Constitution, may be appointed or elected, in such a manner as may be prescribed by law, for a term not exceeding four years, or until their successors are appointed or elected and qualified."

5. The Legislature, therefore, in creating the office of revenue agent for the State at large, and giving to it a term of office, acted within the limitations prescribed by the Constitution, and no question can be raised but they have the right if they saw fit, to give to this office a term of four years. They have used the very simplest and plainest language possible to show that it was their intention to give to this office such a term.

6. "Office is defined to be a right to exercise a public or private employment and to make the fees and emoluments thereunto belonging, public, as those of magistrates, or private, as baliffs, receiver and the like." (2 Bl. Comm., 36.)

"An employment on behalf of the government or station of public trust, not merely transient, occasional or incidental." (20 Johns., 493.)

### 7. THE INTENTION AND POWER OF THE LEGISLATURE.

(a.) It may be contended that the auditor can not work through agents whom he did not appoint, and of whom he does not approve. The answer to this is that he need not do so, because the law gives him full authority to bring actions to recover delinquent taxes without the intervention of a revenue agent.

(b.) But when we come to the matter of suits to assess omitted property, an entirely different state of the case is presented. This character of suit the auditor can not bring; only a revenue agent can bring them, and in bringing them he is entirely free from all control of the auditor.

(c.) We desire to flatly deny the allegation made in the brief of appellant that the auditor is responsible upon his official bond for the acts of a revenue agent. A revenue agent gives his bond to the Commonwealth and so does the auditor. Each is responsible to the Commonwealth upon his own bond, for his own doings and misdoings.

### 8. PUBLIC POLICY.

Boiled down, the reasons urged why this statute as against public policy amount to no more than this, that it does not meet with the personal approval of the auditor for appellee to be a revenue agent, and that personally he would prefer someone else. But because a law does not meet with the approval of every one is no reason why it is void as against public policy.

### AUTHORITIES FOR APPELLEE.

Sec. 4258 Ky. Stats. of 1903; sec. 1, art. 15, Revenue Act of 1902; sec. 93, Constitution of Kentucky; Page v. Hardin, 8 B. M., 648; Todd, Mayor, &c., v. Dunlap, &c., 18 Ky. Law Rep., 329; Lease v. Freeborn, 52 Kans., 750; South v. Sinking Fund Commissioners, 86 Ky., 186; Hoke v. Commonwealth, 3 Ky. Law Rep., 407; Commonwealth v. Bank of Commerce, 26 Ky. Law Rep., 407; Hoke v. Richey, 18 Ky. Law Rep., 546; Tansey v. Stringer, 25 Ky. Law Rep., 916; Ex Parte Hennen, 13 Peters, 230; Avery v. Inhabitants, &c., 3 Mass., 177; Hoke v. Henderson, 4 Devereux (N. C.), 1.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellee Lucas was appointed revenue agent for the State at large by G. G. Coulter, as auditor of public accounts, on August 28, 1902. Appellant Hager succeeded Coulter as auditor in January, 1904, and

the only question presented by the appeal is whether Lucas holds for four years from the date of his appointment, or whether he may sooner be removed by the auditor without cause. Sec. 4258, Ky. Stats., 1903, is as follows: "The auditor of public accounts may appoint a revenue agent in each county of this Commonwealth, and may in addition appoint not exceeding four revenue agents from the State at large, whose term of office shall be four years." Sec. 140, Ky. Stats., 1903, regulating the assistant auditor and auditor's clerks, is as follows: "The term of office of the assistant auditor and clerks shall be the same as that of the auditor, and expire at the same time, unless they, or either of them are sooner removed by him. No one shall be appointed to said offices who has not been a citizen and resident of this State for two years. They shall severally take the oath of office, and may be required by the auditor to execute to him bond, with surety, for the faithful discharge of the duties of the office."

It is insisted for the auditor that the revenue agents are in effect his clerks, appointed by him for the purpose of better discharging his duties in the collection of the State's revenue; that they occupy toward him a personal relation; that one auditor should not have the power to appoint a number of these agents, and impose them upon his successor; that sec. 4258 should be read in connection with sec. 140, and be construed to mean that the term of the revenue agent expires with the term of the auditor who appointed him; and that it was intended by the Legislature, in giving them a term of four years, to give him the power to appoint them for the full period of his term. While this is an argument that might be addressed with great force to the Legislature, the language of the statute is free from ambiguity, and must be enforced

according to its plain meaning. The first act creating auditor's agents became a law April 29, 1880. It is provided they should be subject to removal at the pleasure of the auditor. The statute has been several times amended and re-enacted previous to the act of 1902, and in all of these previous acts they were subject to removal by the auditor; but the act of 1902, of which sec. 4258, Ky. Stats., 1903, above quoted, is a part, was passed during the term of G. G. Coulter as auditor. The Legislature knew that his term would expire in about two years after that act was passed, and, with this knowledge, it expressly provided that their term of office shall be four years. By sec. 4259 they are required, before entering upon the discharge of the duties of the office, to take the oath required of other officers, and execute a bond to the Commonwealth of Kentucky. They are thus constituted officers of the Commonwealth, holding for a fixed term, and acting under a bond. Their duties are prescribed by law, and in many matters they may act independently of the auditor and without his consent, as in assessing omitted property under sec. 4241, Ky. Stats., 1903. The purpose of the Legislature seems to have been to make them more independent and to secure a better class of men, by giving them a definite term, for a man who is in business will not feel justified in giving up his business for an office whose term is entirely uncertain. There has been a session of the Legislature since the term of appellant began, and the act of 1902 was not amended or modified. The statute confers upon the auditor of public accounts the power to appoint one revenue agent in each county of the State, and, in addition, four such agents from the State at large. When the power of appointment has been exercised, it is exhausted, and no other appointment can be made

during the term of the appointees, except in case of a vacancy.

Judgment affirmed.