Case 53.—ACTION BY THE COMMONWEALTH, BY E. C.
WALKER, AGAINST FRANK A. LUCAS, CLAIMING TO
BE ENTITLED TO CERTAIN PENALTIES AS REVENUE
AGENT.—November 10.

## Lucas v. Commonwealth, &c.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

From an adverse judgment. Lucas appeals.    Re-
versed.

1. Limitations—Commencement of Actions—Issuance of Process
—Under Ky. Stats. 1903, sec. 2524, providing that an action
shall be deemed to have been commenced at the date of
the first summons issued in good faith, limitations run, as
between the State and a taxpayer, until the issuance of pro-
cess in good faith on the statement of property liable to
assessment filed by a revenue agent in accordance with sec.
4241.

2. Taxation—Assessment of Omitted Property—Compensation of
Officer—Under Ky. Stats. 1903, sec. 4241, requiring the officer
proposing to have omitted property assessed for taxation to
file a statement containing a description of such property,
etc., and providing that "within five years (days) after the
filing of such statement," the clerk of court shall issue sum-
mons against the owner to show cause why such property
should not be assessed, and imposing a 20 per cent. penalty
on the owner, which shall be paid to the officer filing the
statement, the clerk should issue the summons as soon as the
statement is filed, and if the officer requests him not to do
so, and fails to have the summons issued within a reason-
able time, the proceeding may be regarded as abandoned,
and another agent may proceed; but a short delay in issu-
ing the summons, in order to enable the officer who files
the statement to come into the county and attend to the
matter in person, does not indicate an intention to abandon
the proceedings, or give another officer the right to appropri-
ate the information contained in the statement and insti-
tute a proceeding on such information, and thus secure

the penalty, to the detriment of the officer who prepared the statement.

3. Same—Issuance of Summons—Time of Issuance—The provision of Ky. Stats., sec. 4241, requiring the clerk of court to issue a summons "within five years (days) after the filing of" a statement of omitted property by a revenue officer, is merely directory, and a summons issued by him is not void, although not issued within the prescribed time.

TAYLOR & LUCAS for appellant.

It is admitted that appellant had gone to great expense and labor to secure the information upon which his statements were based. When they were filed, appellee Walker went to the clerk's office, examined these statements, duplicated them, thus trying to supersede appellant and deprive him of the fruits of his labor, and now comes asking a court of equity to uphold, sustain and protect him in such a proceeding by aid of its extraordinary writ of injunction. We do not believe this court will countenance such an abuse of legal process, or lend countenance to such maneuvers.

## AUTHORITIES CITED.

Ky. Stats., sec. 4241; Ky. Stats., secs. 4258-4259; Ky. Stats., sec. 4241; Sebree v. Commonwealth, 74 S. W., 716, 25 Ky. Law Rep., 121; Harrison v. Wilkerson, &c., 26 Ky. Law Rep., 260, 80 S. W., 1190; Butler, Sheriff v. Watkins' Ex'ors, 16 Ky. Law Rep., 302, 27 S. W., 995; Riedel, Sheriff v. Commonwealth, 82 S. W., 635, 26 Ky. Law Rep., 898.

YEAMAN & YEAMAN for appellant.

1. It was a commendable act in the appellant to go through the records and ascertain what property had been omitted from the assessment for taxation. It was commendable in him, as well as his official duty, to take the necessary legal steps to have this omitted property assessed and the taxes thereon paid, which he did by filing in the county clerk's office the statements required by law. It was an equally commendable act to endeavor to have these taxes paid without putting the defendants to the expense of having summons issued and served. But the act of appellee, Walker, in going over the suits filed by Lucas and filing duplicate suits against the same parties was not such an act as the court would approve unless impelled thereto by some positive rule of law. We know of no such rule of law.

Lucas v. Commonwealth, &c.

### AUTHORITIES CITED.

Page v. Hardin, 8 B. Mon., 672; Bruce v. Fox, 4 Dana, 477; South v. Commissioners Sinking Fund, 86 Ky., 186; Acts 1902, p. 383, art. 15; Hoke v. Commonwealth, 79 Ky., 574; Gorley v. Louisville, 20 Ky. Law Rep., 602, 104 Ky., 372; Hoke v. Richey, 18 Ky. Law Rep., 546, 100 Ky., 66; Harrison v. Wilkerson, &c., 26 Ky. Law Rep., 260, 80 S. W., 1190.

ED. C. WALKER for appellees.

MONTGOMERY MERRITT and WM. P. McLAIN of counsel.

The grounds upon which appellees base their claims are embodied in two questions, viz.:

1. That appellant had not executed bond as provided by law.

2. That the proceedings commenced by apellee Walker were instituted first, and, therefore, entitled to priority.

The execution of bond is a condition precedent to the agent's power to act, as prescribed by sec. 4259, Ky. Stats.

As to the priority of appellee Walker's proceeding, in sec. 39, Civil Code, is laid down the general rule, that the commencement of an action consists of the filing in the office of the clerk of the proper court a petition stating the plaintiff's cause of action, and by causing a summons to issue, or a warning order to be made thereon.

Eighteen days having elapsed after the filing of appellant's statements, appellee had reason to believe appellant had abandoned his claim, especially as it was a matter of public cognizance that appellant had failed to execute bond. This being the case, appellee Walker was proceeding to prosecute the causes filed by him in good faith, and in a lawful manner, when the appellant appeared and attempted to settle said claims against the delinquent taxpayers, without having served any process upon them, and without having executed bond. Appellee, to prevent the taxpayers from being annoyed and protect them against appellant, who was proceeding against them without bond, sued out this injunction, which has been made permanent, and now comes before this honorable court, and asks that it be sustained.

### AUTHORITIES CITED.

Sec. 39, Civil Code; sec. 4259, Ky. Stats.; sec. 4241, Ky. Stats.; Fletcher, &c. v. Leight, Barrett & Co., 4 Bush, 303; Commonwealth, For Use, &c. v. Williams, &c., 14 Bush, 301; Cook v. Clark, 13 Ky. Law Rep., 100; Butler v. Watkins, 16 Ky. Law Rep., 302; Reidel, Sheriff v. Commonwealth, 82 S. W., 635; Harrison v.

Wilkerson, 26 Ky. Law Rep., 260; Deposit Bank of Carlisle v.
Lee, &c., 13 Ky. Law Rep., 455.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

On June 28, 1902, Frank A. Lucas was appointed
revenue agent for the State at large for a term of
four years, and he qualified by giving bond and taking
the oath of office.   He was required by the  statute
to renew his bond every two years, or as often as the
Auditor may require. (Ky. Stats. 1903, sec. 4259.) On
June 20, 1904, he tendered to the Auditor a sufficient
renewal bond, with the Fidelity & Deposit Company
of Maryland as surety.   The Auditor, upon receipt
of the bond, declined to accept it, and made an order
removing Lucas from office.   Lucas thereupon ap-
plied for a mandamus requiring the Auditor to accept
the bond, which was granted by the circuit court, and
on appeal the judgment was affirmed by this court.
(Hager, Auditor v. Lucas, 120 Ky., 307, 86 S. W., 552,
27 Ky. Law Rep., 710.)   On June 27, 1904, Lucas filed
a number of statements against citizens of Hender-
son county  in the office of the  Henderson  County
Court clerk, under sec. 4241, Ky. Stats., 1903, for the
purpose of having assessed certain property alleged
to have been omitted from assessment for taxation.
The statements were sent to th eclerk by mail, accom-
ponied with the following letter:

"Paducah, Ky., June 27, 1904.
"Mr. L. W. Powell, County Clerk, Henderson, Ky.:
"Dear Sir—I enclose herewith a number of suits
against citizens of your county, seeking to have omit-
ted property assessed.   Please file these suits, but do
not issue summons thereon, as I expect to be in Hen-
derson within the next week or ten days, and will
doubtless succeed in getting a number of these suits

settled without the necessity of a summons. Upon
the remainder we will then issue summons. Your
kindness in this will greatly oblige.

"Yours very truly,

"FRANK A. LUCAS,

"Revenue Agent."

The clerk marked the statements "Filed," but in
pursuance to the letter issued no summons upon
them. On the 14th day of July, E. C. Walker, as rev-
enue agent for Henderson county, after examining
the statements filed by Lucas, filed statements simi-
lar to them in the county clerk's office against the
same parties and had summons issued thereon. On
July 20th Walker filed this suit against Lucas, alleg-
ing that Lucas was without authority proceeding to
collect taxes and interfering with him in the dis-
charge of his duties; that Lucas had been removed
from office by the Auditor on June 20, 1904; also
that he had directed the clerk not to issue any sum-
mons on the statements filed by him, and that no sum-
mons was issued thereon until some time after Walker
filed his statements in the clerk's office and had sum-
mons issued, but that after Lucas had knowledge of
this he had been attempting to collect the taxes from
the parties and claimed the right to do so. Lucas by
his answer pleaded that his statements were pre-
pared after considerable labor and investigation to
ascertain the property omitted from taxation, and
after they were filed Walker, knowing that they were
filed, filed similar statements against the same par-
ties. There is no substantial dispute between the par-
ties as to the facts. The question to be determined
is whether Lucas or Walker is entitled to the penalty
provided by section 4241, Ky. Stats. 1903, under the
facts detailed. For, as it has been held that the Aud-

itor was without power to remove Lucas and was required to accept the bond which Lucas tendered, that part of the petition need not be further noticed.

The statute, so far as is material, is as follows: "The officer proposing to have such property assessed shall file in the clerk's office of the county in which the property may be liable to assessment, a statement containing a description and value of the property proposed to be assessed, and the value of corporate franchise, if any, and the name and place of residence of the owner, his agent or attorney, or person in possession of the property, and the year or years for which the property is proposed to be assessed. Within five years after the filing of such statement, the clerk of the court shall issue a summons against the owner to show cause before the next regular term of the county court, which does not commence within five days after service of such summons, why such property or corporate franchise, if any, shall not be assessed at the value named in the statement filed. * * * All persons owning property, which may be assessed as herein provided shall, in addition to the taxes, pay a penalty of twenty per centum on the amount of the taxes due and cost of assessment, except where such property shall have been duly listed by the owner thereof. The taxes and penalties shall be collected and accounted for as other taxes and penalties are required to be collected. As compensation for his services in causing such property to be assessed, the officer filing his statement shall be entitled to the penalty, which shall be paid to him after the full amount of the taxes shall have been collected." The words "within five years" appear to be a misprision for "within five days." (See old statute.) It is insisted for Walker that as no summons was issued on the statements filed by Lucas,

pursuant to his request to the clerk, his proceedings
were not begun at the time that the statements were
filed, and that, as the summons was first issued on
the statements filed by Walker, his proceedings were
in law begun first, and that therefore he is entitled
to the penalty.  The circuit court adjudged in favor
of Walker, and Lucas appeals.

As between the State and the taxpayer the statute
of limitation  runs until the statement is filed and the
process issued upon it in good faith.  (Ky. Stats.
1903, sec. 2524.)   But as between two revenue agents,
each of whom has filed statements with a view to
obtain the penalty, the question must be determined
upon other principles.   The statute provides that as
compensation for his services in causing such prop-
erty to be assessed the officer filing the statement
shall be entitled to the penalty.  Lucas got up the
information required and filed his statements.  He
evidently requested the clerk not to issue summons
simply for the purpose of saving cost, expecting to
get the matter adjusted without further legal pro-
ceedings.  Walker took advantage of the information
which Lucas had gathered, and evidently attempted
to forestall Lucas, because he had failed to have a
summons issued.  It was not contemplated by the
act that the taxpayer should be put to the trouble of
defending two proceedings, nor was it contemplated
that the agent who had been diligent in hunting up
the omitted property should lose the commission,
when another might anticipate him in issuing process.
It is the duty of the clerk to issue the summons as
soon as the statement is filed, and the agent should
not request the clerk not to issue the summons.  If
he does make such a request, and does not have the
summons issued within a reasonable time, the proceed-
ing may be regarded as abandoned, and another agent:

may then proceed.  But a short delay, to enable the agent to come to the county and attend to the matter in person, does not indicate an intention to abandon the proceeding, or give to another agent the right to appropriate the information conveyed by the statements which had been filed, and thus to secure the penalty.  A very similar question was presented to this court in Butler v. Watkins' Ex'ors, 27 S. W., 995, 16 Ky. Law Rep., 302.  In that case the Auditor's agent filed a statement on June 12, 1891, on which process was issued on June 18th.  The sheriff listed the property on June 17th, and filed his list with the county court clerk.  It was held that the proceeding by the Auditor's agent took precedence of the sheriff's proceedings.

In Harrison v. Wilkerson, 80 S. W., 1190, 26 Ky. Law Rep., 260, the sheriff of Fayette county filed a statement on November 18, 1902.  On December 24th Harrison, as Auditor's agent, examined the statement filed by the sheriff, and filed a statement against the same taxpayer for the same omitted property; no summons having been issued on the sheriff's statement, it having been agreed between the sheriff and the defendant's attorney that the matter might be postponed until this court passed on a petition for rehearing which had been filed in another case.  It was held that the sheriff was entitled to the penalty. The rule announced in these cases was approved in Riedel v. Commonwealth, 118 Ky., 926, 82 S. W., 635, 26 Ky. Law Rep., 898.

The fact that the clerk did not issue the summons in five days did not affect his power to issue it afterwards.  The statute is only directory.  The process was not void when issued, although not issued within the time required. (Sebree v. Commonwealth, 115 Ky., 736, 74 S. W., 716, 25 Ky. Law Rep., 121.)  If

it appeared that the agent who first filed his state-
ment was delaying to have summons issued beyond a
reasonable time or for some improper purpose, a
different question would be presented.   But no rule
should be adopted which would tend to harass the
taxpayer with two proceedings against him or beget
controversies between agents, where one was in good
faith endeavoring to get the property assessed with-
out litigation.   In such cases the rule of the statute
that the commission belongs to the agent filing the
statement should have applied.

Judgment reversed, and cause remanded for a judg-
ment as above indicated.