CASE 47,—ACTION BY COMMONWEALTH BY GEORGE H. ALEXANDER, REVENUE AGENT, AGAINST THE CENTRAL CONSUMERS CO. TO RECOVER TAXES. —March 22.

## Commonwealth v. Central Consumers' Co.

Appeal from Jefferson Circuit Court, Chancery Branch (Second Division.)

SAMUEL KIRBY, Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

1. Courts—County Courts—Jurisdiction.—Under Constitution section 141, declaring that the jurisdiction of the county courts shall be uniform throughout the State, shall be regulated by general law, and, until changed, shall be the same as now vested in the county courts of the State by law, such courts are of limited jurisdiction, deriving all their powers from special statutory enactment.

2. Same—License Fees—Action to Recover—A county court has no jurisdiction of an action by the State to recover a sum of money alleged to be due from a corporation for unpaid license fees.

3. Officers—Revenue Agents—Authority—Revenue agents, being statutory officers, can exercise no authority not conferred on them by statute.

4. Licenses—Actions—Parties Entitled to Sue—Revenue Agents— Authority—Ky. Stat., 1903, sections 4241, 4260, require revenue agents to cause all property omitted from taxation to be listed. Section 4263 makes it the duty of the revenue agent, "when directed by the auditor," to institute proceedings in the name of the Commonwealth to recover money due the Commonwealth and section 4267 authorizes the auditor to direct

Commonwealth v. Central Consumers Co.

revenue agents to prosecute the collection of delinquent taxes or omitted license fees. Held, That a revenue agent, in the absence of direction by the auditor, had no authority to institute suit on behalf of the Commonwealth for the collection of omitted license fees.

5. Same—Listing—Duty of Revenue Agent—Ky. Stat., 1903, section 4260, provides that it shall be the duty of the revenue agent to cause to be listed for taxation in the manner required by law any license tax which may be due the Commonwealth. Held, That, under such section, the revenue agent had power independent of the auditor to cause any omitted license tax to be listed for taxation.

6. Same—Pleading—Scope of Relief—A State revenue agent having sued in the county court on behalf of the State to recover certain omitted license fees not listed for taxation, the court, under petitioner's prayer for general relief, should have proceeded to hear evidence and list such license fees for taxation, if proved to have been omitted, though petitioner was not entitled to recover such fees in such procedeing.

M. J. HOLT for appellant.

The issue involved in this record, is the right of appellant, a State revenue agent, to institute a civil action in the Jefferson county court to recover in the name of and for the Commonwealth license fees due from breweries located in Jefferson county. The question is raised by special demurrer to the statement or information.

## CONCLUSIONS OF LAW.

1. Sections 4260, 4224, 4184, 4241 authorizes the revenue agent to file such information.

2. It is not necessary to have the consent of the auditor to do so. (Hager, etc., v. Lucas, 27 Ky. Law Rep., 710; sections 4260, 4224, 4184, 4241, consent of auditor not required; sections 4053, 4264, must be directed by the auditor.)

3. This is a civil action upon a liability created by statute and the penal sections 4263, 4068, 4051, 4061, 4062, 4153, 4210, where the prosecution is conducted by the county or Commonwealth's attorney are not applicable.

4. A failure to pay license fees is a purely statutory offense. The legislature having limited the punishment to a fine, has the constitutional power to prescribe that the license may be recov-

Commonwealth v. Central Consumers Co.

ered by a civil action, although an indictment may lie for such statutory violation. (Commonwealth v. Avery, 14 Bush, 641.)

KOHN, BAIRD & SPINDLE for appellee.

S. E. SLOSS and ROBERT L. GREENE of counsel.

The case at bar is not within the special procedure of section 4224, and the authority of the appellant to institute the action, and the jurisdiction of the county court to hear it, must be found elsewhere.

### CONCLUSION.

We submit to the court:
1. That the county court, the court of instance, had no jurisdiction over the subject-matter of this action.
2. That the appellant, George H. Alexander, by virtue of his office as State agent and without direction from the State auditor, had no authority to institute this proceeding.
If either of these propositions is well taken, the special demurrer was properly sustained. We submit that they are both sound, and respectfully ask that the judgment be affirmed.

OPINION OF THE COURT BY JOHN D. CARROLL Commissioner—Reversing.

George H. Alexander, who is a revenue agent for the State at large, filed a "statement and petition" in the county court of Jefferson county against the appellee, setting out that it owned and operated a number of breweries in the city of Louisville during the years 1902, 1903, and 1904, and that under the law it should have paid a license tax of $200 each year for each of the breweries owned and operated by it, but that it paid only one license fee for each of said years. He asked for judgment against the appellee for $4,200 and penalties, and prayed for all further proper relief. A special demurrer was filed by appellee and sustained. The Commonwealth then

appealed to the circuit court, and that court also sustained a demurrer, and the case is in this court on appeal from the circuit court.

The special demurrer was sustained upon two grounds: First, that this is an action to recover money, and therefore the county court has no jurisdiction of it; and, second, that, under the statute creating revenue agents, Alexander had no authority to file a suit for the recovery of money without direction from the Auditor so to do.

In Gilbert v. Bartlett, 9 Bush, 49, this court held that county courts are courts of limited jurisdiction and derive all their powers from some express statutory enactment; so that, in determining whether or not the county court has jurisdiction of so much of this proceeding as seeks to recover a money judgment, we must look to the statute to ascertain if power has been conferred upon the county court to render judgments in actions of this character. Const., section 141, declares that "the jurisdiction of the county courts shall be uniform throughout the State, and shall be regulated by the general law, and, until changed, shall be the same as now vested in the county courts of this State by law." There are various provisions found in the Kentucky Statutes conferring jurisdiction for a number of specific purposes upon the county court, but nowhere have we been able to find a statute giving to the county courts jurisdiction of actions for the recovery of money in proceedings such as this. In the absence of such authority, the county court did not have jurisdiction to render a judgment against the appelle for the amount claimed, or any amount. Revenue agents are officers created by, and their duties and

powers prescribed by the statute, and they cannot exercise any authority not conferred on them by the statute. As held in Hager, Auditor, v. Lucas, 86 S. W., 552; 27 Ky. Law Rep., 710, their duties are defined by law, and in many matters they may act independently of the Auditor, and without his consent; but the statute also provides that these revenue agents in certain cases must have authority from the Auditor before they can act. Under sections 4241 and 4260 of the Kentucky Statutes of 1903, it is made the duty of the revenue agents to cause to be listed for taxation all property omitted for taxation; but there is no provision of the statute authorizing these agents to institute an action in any court for the recovery of money unless directed to do so by the Auditor. Section 4263 provides that "it shall be the duty of the revenue agent, and he shall have authority when directed by the Auditor, to institute suit, motions or proceedings in the name of the Commonwealth against any delinquent officer or other persons to recover any money which may be due the Commonwealth." And section 4267 provides that the Auditor "shall have the power to direct revenue agents in the various counties or from the State at large to prosecute the collection of all delinquent taxes, taxes on omitted property of delinquent, license fees or omitted license or the franchise tax of any corporation or association due to the State." This section does not deny to the revenue agent the right to prosecute the collection of delinquent taxes or omitted license fees independently of the direction of the Auditor. He may do so of his own initiative, or may do so by direction of the Auditor. The collection of delinquent taxes or omitted license fees does not necessarily involve the

institution of an action for the recovery of money, although in some cases it may be found expedient to institute an action for the recovery of delinquent license fees for taxes. When it is considered best for the interest of the State to institute such actions, then it can only be done by direction of the Auditor.

It therefore follows that Alexander, as Auditor's agent, did not have the power in the absence of direction from the Auditor to institute this suit for the recovery of money. Section 4260 of the Kentucky Statutes of 1903 provides that ''it shall be the duty of the revenue agent to cause to be listed for taxes in the manner required by law all property in the county for which he may have been appointed, which may have been omitted to be assessed by the assessor, board of supervisors, board of valuation and assessment or railroad commission, or any license tax which may be due to the Commonwealth.'' Under this section the revenue agent has the power independent of the Auditor to cause to be listed for taxation in the manner required by law any license tax which may be due to the Commonwealth, and may institute proper proceedings in the county court for the purpose of having such omitted license tax listed, and this proceeding may be commenced by either the revenue agent for the county or for the State at large —although technically it might be contended that the right to have omitted license taxes listed for taxation is vested exclusively in the revenue agent for the county. These statutes in relation to the collection of omitted taxes and license fees due to the State should be liberally construed to carry out the spirit and intention of the statute, and prevent persons who fail to pay taxes and fees justly due by them to the

State from escaping liability for their share of the burdens of government.

Under the prayer for all proper relief, the county court should have proceeded to hear the evidence, if any was offered, and to list for taxation or not as the rights of the case seemed to demand, any omitted license fees due by law. When these omitted license fees, if any, have thus been listed for taxation by the county court, an action to recover them may be instituted by the auditor or revenue agent by his direction. We do not mean to hold that an action cannot be instituted in the first place in a court of competent jurisdiction to recover from the delinquent omitted license taxes or fees; what we do decide is, that the county court may, in a proceeding instituted in that court, list for taxation any omitted license fees or taxes, and the amount found due may be recovered in an action instituted in the proper court.

The judgment of the lower court is reversed, with directions to the county court to proceed in conformity with this opinion.