## United States Fidelity & Guaranty Company v. Faulkner, et al.

(Decided October 4, 1911.)

### Appeal from Marion Circuit Court.

1. **Master Commissioner—Official Bond—Sureties—Liability.**—Sureties on the official bond of a Master Commissioner, are not liable

for a defalcation occurring ·after. the expiration of the term· for which the ·bond was given.

2. Sureties—Extent of Liability.—Sureties on the bond of a Master ·Commissioner, are liable only for the amount of the defalcation and interest, together with the costs of the action in which their liability is established. They are not liable to one aggrieved by the defalcation for costs incurred by him in separate and independent actions.

JOHN 'McCHORD for appellant.

LAFE F. PENCE, H. S. McELROY and HUGH C. COOPER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming as to Appellee Faulkner and others, and reversing as to Appellee P. D. Catlin.

· This is the second appeal of this case. The opinion on the former appeal may be found in 125 S. W., 297, under the style of Catlin, &c. v. United States Fidelity and Guaranty Company, et al., to which reference may be had for a statement of the complicated facts out of which the litigation grows. It was there held that the sureties on the bond ·of E. L. England, master commissioner, were liable for· certain money ·which he had received ·and loaned out and afterwards collected by order of court, and failed· to account for. The case· was accordingly reversed ·and remanded for proceedings con-· sistent with the opinion.

· Upon return of the case and the filing of the· mandate of this court, judgment was· rendered against the United States Fidelity & Guaranty Company, J. M. ·Faulkner and the estate of Mary· D. England, for the sum of $519.54, with interest ·from October 24th, 1896, and. plaintiff's costs in the action expended. ·In this judgment the rights of ·the defendants, as· between themselves, were reserved for future adjudication. It was further stated in the judgment that the court, at that time, declined ·to pass upon the question of costs incurred by the plaintiff in· two separate and independent actions ·wherein his liability was established. Subsequently a demurrer to that part of plaintiff's petition claiming costs amounting to $139.80, incurred in said two actions, was ·overruled, and judgment rendered against all the defendants for that sum. ·

Certain additional pleadings were filed by the defendants for the purpose of testing the question of their

liability as between themselves. Certain records of the court were filed and other written evidence heard, and the court adjudged that the United States Fidelity & Guaranty Company was alone liable for the defalcation of the master commissioner, E. L. England. From all the foregoing judgments the United States Fidelity & Guaranty Company appeals.

It is manifest that the judgment for the $519.54 and the additional judgment for costs, amounting to $139.80, are in effect one judgment, and the amount in controversy, therefore, is the sum total of these two amounts. That being true, this court has jurisdiction to determine the propriety of that part of the judgment awarding the costs incurred by Catlin in the two actions wherein his liability was established.

By section 392 of the Kentucky Statutes, the master commissioner is required to execute bond, to be approved by the court, for the faithful performance of the duties of his office, and when the question of money is concerned the bond which he executes makes his sureties liable for any sum which he may receive by virtue of his office and fails to turn over to the proper party, together with interest and costs that may be incurred in establishing their liability. This is the sum total of the liability of the sureties. They are not liable for costs incurred in other separate and independent actions by a party claiming to have been aggrieved by the defalcation of the commissioner. To impose this liability would be to extend the terms of the bond far beyond their reasonable import. We therefore, conclude that the trial court erred in rendering judgment against the sureties for the $139.80.

As to the liability of the sureties among themselves, we find from the record before us that E. L. England was, on April 9th, 1892, appointed master commissioner in the place of one G. C. Avritt. On January 25th, 1893, he executed bond with J. M. Faulkner and Mary D. England, and others, as sureties. On October 13th, 1894, he executed another bond, with the same sureties. This bond was approved by the court January 30th, 1895. England continued to act as master commissioner under these bonds until January 25th, 1898, when he was re-appointed master commissioner and executed bond with other sureties who are not sued in this action. On May 19th, 1899, he executed a new bond, with appellant company as surety. It also appears that, during the year 1896, Eng-

land had a fund of $519.54 in his hand. This sum he loaned to A. Vancleave & Company, coal and grain merchants of Lebanon. During the latter part of the year 1898, Vancleave & Company repaid the sum so borrowed. Thereafter England defaulted.

The term of the master commissioner is four years. The sureties in an official bond are held for the term only for which their bond was given, and it is not material that the bond does not express the obligation, as the law determines it. Commonwealth v. Smith, et al., 14 Ky. Law Rep., 573. The rule announced in Isom v. Commonwealth, 110 Ky., 112, does not conflict with this doctrine. In that case all the bonds were for the same term. Nor does the rule with regard to sheriff's bonds apply, for in that class of cases a joint liability is imposed by statute. As England was re-appointed in January, 1898, and executed a new bond, the liability of appellees, Faulkner and Mary D. England, then ceased. As the money was intact and no defalcation occurred during the continuance of the bond on which they were sureties, but occurred several months after their liability ceased, it follows that they are not liable for any part of the defalcation. Dowell v. Woodsides, 16 Ky. Law Rep., 325. Therefore, the judgment exempting appellees, Faulkner and others, from liability is proper.

Judgment affirmed as to appellees Faulkner and others, and reversed as to appellee P. D. Catlin.