## Commonwealth of Kentucky, by Arthur E. Hopkins, Revenue Agent, et al. v. Columbia Trust Company.

### Same v. Same.

(Decided February 18, 1915.)

### Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Taxation—Revenue Agents—Powers of.—Revenue Agents are offi-cers created by, and their duties and powers prescribed by, the Statute; they cannot exercise any authority unless it be conferred on them by the Statute.

2. Taxation—Omitted Property—Assessment.—An action in the name of the Commonwealth upon the relation of an Auditor's Agent, instituted under Section 4260 of the Kentucky Statutes, to retrospectively assess omitted property for taxation, does not abate upon the expiration of the term of the Auditor's Agent; it may be continued by his successor in office, or by the sheriff, or by any other officer authorized by Statute to institute such an action.

3. Taxation—Revenue Agents—Expiration of Term—Appeal.—An Auditor's Revenue Agent, whose term expired in January, 1912, is without power to institute an appeal in 1914, from a judgment of the circuit court entered in October, 1912.

4. Appeal—Parties to Appeal.—Section 739 of the Civil Code of Practice provides the method of designating the parties to an appeal; and, a party who is not named as appellant in the statement of an appeal, is not before the court as an appellant.

5. Appeal—Parties to—Briefs.—The filing of a brief for the Commonwealth, the appellant in the action, by the county attorney, does not make the county attorney a party to the appeal.

M. J. HOLT, A. S. BULLITT, County Attorney, and J. L. SULLIVAN, Assistant County Attorney, for appellants.

TRABUE, DOOLAN & COX for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Dismissing appeals.

These two appeals will be disposed of in one opinion.

The proceedings were begun in the Jefferson County Court in January, 1910, under Section 4260 of the Kentucky Statutes, to retrospectively assess property of the appellee alleged to have been omitted from taxation. They were brought in the name of the "Commonwealth of Kentucky, by Arthur E. Hopkins, Revenue Agent for the State at Large," as plaintiff. They were tried in the county court and dismissed on February 5th, 1912. The plaintiff appealed to the Jefferson Circuit Court on March 15th, 1912, and upon the cases having been called for trial on October 26th, 1912, they were dismissed by the chancellor, on the motions of the defendant, made under Sections 5 and 6 of the Expediting Act of 1912. (Acts 1912, p. 391.)

No appeals were taken in the circuit court to this court; but on October 6th, 1914, an appeal was granted in each case by the clerk of this court to the "Commonwealth of Kentucky, by Arthur E. Hopkins, Revenue Agent for the State at Large."

The statements of appeal endorsed upon the record, pursuant to Section 739 of the Civil Code of Practice, show that the "Commonwealth of Kentucky, by Arthur E. Hopkins, Revenue Agent for the State at Large," is the only appellant in each case.

The appellee in each case has moved to dismiss the appeal for the following reasons: (1) Because the case has not been prosecuted with that diligence required by the Expediting Act of 1912; (2) because Arthur E. Hopkins, who assumes to act as relator herein, has no authority to prosecute these appeals, or to represent the Commonwealth of Kentucky therein; and (3) because the term of said Hopkins as Revenue Agent for the Commonwealth having expired in January, 1912, he now has no official bond and is not entitled to act in any official capacity in these appeals.

Passing the first ground relied upon in support of the motions to dismiss, we will first consider the second ground, which raises the major question of Hopkins' authority to prosecute these appeals.

It is conceded that Hopkins was appointed Revenue Agent for the State at large in January, 1908, for a

term that expired with the term of the Auditor, in January, 1912, pursuant to the provisions of Section 4258 of the Kentucky Statutes.

Section 4260 of the Kentucky Statutes, under which these suits were instituted, provides that if the property sought to be taxed in the proceeding should be held not liable for taxation, the court should make an order to that effect; and that "the officer instituting said proceedings shall be liable on his official bond to the defendant for all costs incurred by him in defending said proceedings, and this shall apply to all courts to which said proceedings are taken."

This provision was repeated *verbatim* in Section 2 of the Expediting Act of 1912. (Acts 1912, p. 395).

When Hopkins filed these appeals on October 6th, 1914, he was not a Revenue Agent for the Commonwealth, and had not occupied that office for nearly three years. The statute above quoted, making the Revenue Agent liable on his official bond to the defendant for costs in case the proceedings to make the supplemental assessment should fail, is necessarily restricted in its application to an officer who occupies the position of Revenue Agent. It cannot apply to the case of a man who claims to be an officer, but who does not occupy that position, and has no official bond behind him.

It is elementary that the liability of a surety on an official bond is limited to acts done or defaults occurring during the term of office of his principal. It was so decided by this court in United States Fidelity & Guaranty Co. v. Faulkner, 144 Ky., 629.

In Mechem on Public Officers, Section 396, it is said:

"Upon the expiration of the officer's term, unless he is authorized by law to hold over, his rights, duties and authority as an officer must *ipso facto* cease."

The Revenue Agent is required to take an oath of office and give an official bond. Kentucky Statutes, Sections 4258, 4259.

Under the foregoing statutory provisions it seems clear that Hopkins' authority to institute these appeals ceased when he ceased to represent the Commonwealth.

That a Revenue Agent, during his term of office, is an officer admits of no doubt. This court expressly so held in Commonwealth v. Central Consumers Co., 122 Ky., 421, where we said:

"Revenue Agents are officers created by and their duties and powers prescribed by the statute, and they cannot exercise any authority not conferred on them by the statute."

See also Hager v. Lucas, 120 Ky., 313; Commonwealth v. Bush, 131 Ky., 384; Commonwealth v. Glover, 132 Ky., 602.

Counsel for Hopkins insists, however, that this court has decided, in effect, that a Revenue Agent may continue to prosecute a case once begun by him, notwithstanding the expiration of his term of office; and in support of that contention he cites Sebree v. Commonwealth, 115 Ky., 736; Lucas v. Commonwealth, 121 Ky., 423; Commonwealth v. Bacon, 126 Ky., 30; and Commonwealth v. Southern Pacific Co., 127 Ky., 358.

A brief examination of these cases will show that they do not have the force attributed to them by counsel for appellant.

Sebree v. Commonwealth, *supra,* was brought under Sections 4258-4260 of the Kentucky Statutes, by Sinclair, Auditor's Agent under Auditor Stone. Sinclair filed the usual statutory statement in the Scott County Court Clerk's office, but the clerk failed to issue a summons within five days, as was required by the statute; and this failure by the clerk was relied upon as a defense to the proceedings. It was further urged as a defense that when Auditor Stone's term of office expired the terms of all of the Auditor's Agents in the State, including Sinclair's term, terminated with it, and that Sinclair, therefore, had no right to prosecute the action.

The court rejected both defenses, saying that the statute requiring the clerk to issue the summons in five days was merely directory; and that it did not appear from the record that Sinclair had been removed as Auditor's Agent at the time the proceedings were had in that case. Section 4258 of the Kentucky Statutes, providing that the Auditor's Agent should hold office and be removed at the pleasure of the Auditor was cited; but, on the authority of Smith v. Coulter, 115 Ky., 74, the court held that Sinclair, not having been removed by the Auditor, continued to hold office after the expiration of Coulter's term, and until removed by an order or action to that effect.

In the course of the opinion in the Sebree case, *supra,* the court said:

"But we do not deem it material to the rights of the parties to this litigation whether Sinclair continued to hold office as Auditor's Agent till the final trial of this case. The Auditor's Agent is not a party to this proceeding, nor is his presence essential. The action is one in the name of the Commonwealth, instituted by, or upon information furnished by or upon motion of, the Auditor's Agent or the sheriff of the county. If he had died after the action had been begun it would not have been necessary to have revived it. His successor in office, or the sheriff, would merely have been authorized to have controlled the proceedings so far as the statute permitted such control; nor could the resignation of the Auditor's Agent have terminated the action. The proceeding is for the State, and on its behalf, and on behalf of the county, to require the listing of property which the taxpayer and taxing officers have omitted."

It will thus be seen that in the Sebree case the court held that Sinclair was entitled to prosecute the suit, it not appearing that he had been removed from office. There is no intimation that Sinclair could have controlled the proceedings after the expiration of his term; on the contrary, it is expressly stated that his successor in office or the sheriff would have been authorized to control future proceedings, in so far as the statute permitted such control.

Hager v. Lucas, 120 Ky., 307, and Lucas v. Commonwealth, 121 Ky., 423, are companion cases, and grew out of the controversy between Auditor Hager and Revenue Agent Lucas, arising under the Act of 1902. In the first case this court held that Lucas, having filed suit in the Henderson County Court, was authorized to prosecute that suit so long as he continued in office. The cases were finally decided by this court in 1905, before Lucas' term of office expired.

Furthermore, the subsequent Act of 1906 expressly preserved Lucas' right to prosecute said suits to a final determination, by providing that any Revenue Agent then in office who should be removed by the Auditor, "should have the right to prosecute to a final determination all actions instituted by him prior to June 15th, 1906."

In Commonwealth v. Bacon, 126 Ky., 30, Bizot, as Revenue Agent, brought a suit against Bacon on April 1st, 1905, while Alexander, as Revenue Agent, brought

a similar suit against Bacon on May 24th, 1905. The Bizot suit proceeded to judgment on May 26th, 1905, and was pleaded as a bar to the Alexander suit. This plea was sustained by the county court, by the circuit court, and by this court. The opinion of this court declared that both proceedings were by the Commonwealth, and, having been initiated by two different Revenue Agents, when the Commonwealth had no right to bring two suits for the same thing, the first was a bar to the second.

We see nothing in this case to intimate that an officer had the right to prosecute an action after he had ceased to be an officer. The most that was said in that opinion was that both suits were brought on behalf of the Commonwealth—a proposition readily conceded, but wholly foreign to the question under discussion.

In Commonwealth v. Southern Pacific Co., 127 Ky., 358, Alexander sued the Southern Pacific Co. in the Jefferson County Court, on February 7th, 1907. He died five days later, on February 12th, 1907. Hardesty, another Revenue Agent for the State at large, and Attorney General Hays, filed an action on March 14th, 1907, to tax the same property, and the court held, in the Hardesty case, that the Alexander suit alone could be prosecuted for the purpose of taxing the property in question.

There was no plea of abatement in the Alexander case, nor any attempt to substitute Alexander's successor in office, or the county attorney, or any one, to act in behalf of the Commonwealth. No such question was raised in Alexander's case. Evidently the Southern Pacific Co. was satisfied to try the question out in the Alexander suit in preference to Hardesty's subsequent suit for the same purpose. The only question ever made as to the abatement of the Alexander suit was made by Attorney General Hays in the Hardesty case. The question was not made in the Alexander suit; it was not made by the Southern Pacific Company in either suit. On the contrary, when the Southern Pacific Company was called upon to answer the Hardesty suit it very naturally and properly pleaded the pendency of the Alexander suit in abatement.

Unquestionably the Alexander suit was pending. It was the Commonwealth's suit; it had not abated by the death of Alexander; it could have been taken up at any time and prosecuted by Alexander's successor in office,

or by any officer having authority to bring actions of this character; and had the point been made in the Alexander case by the defendant, it would have been entirely proper for the court to have required Alexander's successor in office, or some other official as above indicated, to take charge of that action. But the question of the abatement of the Alexander suit was not raised or decided. There was no attempt to show that Hardesty was the successor of Alexander; nor was there any attempt to revive the Alexander suit in Hardesty's name, or to prosecute it in the name of any successor.

These conclusions are made quite clear by the following extract from the opinion of the court, found in 127 Ky., page 363:

"It was not contemplated by Section 4241, Ky. St., 1903, that the taxpayer should be put to the trouble of defending two proceedings for the same thing. See Riedel v. Commonwealth, 82 S. W., 635, 26 Ky. L. R., 898. It is conceded by the representatives of the Commonwealth that, if the action instituted by Alexander as Revenue Agent for the State at large was pending after his death and did not abate by his death, then there were two actions in existence against appellee for the same thing. It is clear that the death of Alexander did not abate the suit instituted by him. In the case of Commonwealth v. Bacon, 102 S. W., 839, 31 Ky. L. R., 472, this court said: 'The proceeding under Section 4241 is a proceeding by the Commonwealth. The Revenue Agent is only the officer authorized to institute the proceeding. It is the Commonwealth's suit.' To the same effect are the cases of Hendrick v. Posey, 45 S. W., 702, 20 Ky. L. R., 359, and Sebree v. Commonwealth, 115 Ky., 736, 74 S. W., 716, 25 Ky. L. R., 121. These authorities sustain the proposition that the death of Alexander did not abate the action instituted by him, and it was pending at the time the order of abatement was made in this action. As stated, it is agreed that the same issues were involved and the same relief sought in both, and, as appellee should not be harassed with two actions for the same thing, it was entitled to have one of the actions abated."

The gist of the opinion is that the two suits for the same tax could not be prosecuted by the Commonwealth, and that the last suit should be abated because of the pendency of the first. The question as to how the Alex-

ander suit should proceed, and by whom it should be prosecuted, was neither raised nor decided.

So, it will be seen that in none of the cases relied upon by the appellant did the court decide the question here presented.

It is said, however, that the county attorney has the right to prosecute this appeal; and we have been furnished a brief from the county attorney insisting upon that proposition of law. But since the county attorney has not attempted to make himself the appellant, either by taking an appeal or by asking that he be substituted in Hopkins' place as appellant, it is neither necessary nor proper that we should pass upon his abstract rights in that respect.

For the purposes of this case it is sufficient to say that the county attorney does not make himself an appellant by merely filing a brief. Section 739 of the Civil Code of Practice provides the method of designating the parties to an appeal; and that method has not been followed.

As heretofore stated, the statement of appeal is confined to the "Commonwealth, by Arthur E. Hopkins, Revenue Agent for the State at Large." This statement of appeal brings no other person before the court as an appellant. Brodie v. Parsons, 23 Ky. L. R., 832, 64 S. W., 426, and the cases there cited.

Section 4260 of the Kentucky Statutes authorizes the Revenue Agent and the sheriff to bring these actions, and makes the officer who institutes the proceeding liable upon his official bond for the defendant's costs in case the proceeding fails.

In order, therefore, for the court to definitely know which of the several revenue agents of the State may be made liable for the costs, it is proper that he be named as relator in the statement, or petition; and, without a relator so named, the defendant should not, under the present statute, be required to make his defense.

This action was, therefore, properly brought in the name of the Commonwealth by Hopkins, its Revenue Agent, as relator.

But Hopkins was not Revenue Agent when he took these appeals in 1914; his term had expired in January, 1912, and he could not, in the absence of express statutory authority to that effect, thereafter institute any action for the Commonwealth, either by original proceedings under Section 4260, *supra*, or by appeal.

Under the statute heretofore quoted, the appellees will be entitled to recover their costs, in case their property should not be taxed. This they cannot do under this record, since Hopkins' bond is not now effective, and no other officer, with a like or proper bond, has been substituted in his place.

It follows that the motions to dismiss will have to prevail.

Appeals dismissed.