GEORGE WHITE v. THE STATE.

No. 1452. Decided May 11, 1898.

Motion for Rehearing Decided June 24, 1898.

1. **Gaming in a Public Place—Res Gestae—Evidence that Whisky, etc., Was Sold There.**

On a trial for playing at a game with cards at a public place where people had assembled for amusement, etc., testimony that whisky was sold there that night was admissible as part of the res gestae, and was relevant as showing that the place was public and that refreshments were there for the general public.

2. **Public Place—What Is—Charge.**

A place may be public at some times and private at others, and a private residence may become a public place. A place may become public, though otherwise private, on account of the use, as when a number of persons have congregated for the purpose of public amusement and the like; and a charge of court so instructing the jury as to what is a public place is correct.

3. **Same.**

It was not error to instruct the jury that if a game was played in view of a public place, such playing was within the inhibition of the statute.

4.   Gaming—Private Residence a Public Place, When.

Under our statute with regard to gaming in a public place, a private residence can only become a public place when it is used for retailing spirituous liquors; it can not become a public place simply by virtue of the fact that people assemble or resort there for social amusement or pleasure.

APPEAL from the County Court of Karnes.  Tried below before Hon. THEO. BARNES, County Judge.

Appeal from a conviction for playing at a game with cards in a public place; penalty, a fine of $10.

The opinion states the case.

No briefs for either party have come to the hands of the Reporter.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of playing at a game with cards in a public place, and his punishment assessed at a fine of $10, and appeals.

The indictment was in two counts, and alleged that the place where the game was played was public because it was a place where people were assembled for amusement, etc., and because the game was played at a place where people commonly resorted for the purpose of gaming.   The proof showed that the game was at the private house of one Juan Morales, and that on the occasion in question a number of persons, thirty or more, had assembled there for the purpose of dancing and amusement.   The invitation to said dance was general, everybody in that neighborhood being invited; and it was shown that persons attended as far as twelve miles distant therefrom; that the dance was given by the owner of the house for the purpose of making money by selling knick-knacks, chile, tamales, meats, etc.   It was also shown that whisky was sold there.   The dance was in the house, and the game was out in the yard, within view of the persons there assembled.   Two or three other dances had been given in the same place during that fall.   This was the proof on the part of the State. The appellant introduced no testimony.

The first bill of exceptions presents the question as to the admission of testimony with regard to the sale of whisky at the said place where the game was played, the ground of objection being that it was not alleged that the game was played at a place where whisky was sold.   No conviction was claimed on this ground, and the testimony was merely a part of the res gestae as to what occurred there that night, and was relevant as showing that the place was public; not because whisky was sold there, but because it showed that refreshments were there for the general public. This proof was equally admissible as proof that chile and tamales were also sold there.

Appellant objected to the charge of the court in defining what constituted a public place.   The court instructed the jury on this point, in sub-

stance, that a place may be public at some times and private at others, and that a private residence may become a public place; that a place may become public, though otherwise private, on account of the use,—as where a place is used for a public assemblage, as a camp meeting or mustering, or the like, where a number of persons have congregated for the purpose of public amusement, business, recreation, or religious worship. In our opinion, this charge was correct. Nor did the court err in instructing the jury, if the game was played within view of a public place, such playing was within the inhibition of the statute. We further hold that the court acted properly in refusing to give the special requested instructions, as they were not the law of this case. We have examined the record carefully, and find no errors. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—Appellant was convicted of playing at a game with cards at a public place. The case was tried at a former day of this term, and the judgment of the lower court affirmed, and it now comes before us on motion for rehearing. Appellant makes the point that the proof showed that the card playing of which appellant was convicted was at a private residence, and that a private residence can not become a public place by virtue of its being a place where people resort for social amusement or pleasure; that under the statute it can only become a public place when it is used for retailing spirituous liquors. In this contention we think appellant is correct. This question was thoroughly discussed in Miller v. State, 35 Texas Criminal Reports, 650, and under the rule laid down in that case the conviction here must be reversed. The motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Motion granted. Reversed and remanded.*