CASE 35.—ACTION BY THE COMMONWEALTH AGAINST THE
        SOUTHERN PACIFIC COMPANY TO COMPEL THE
        LISTING OF PROPERTY FOR TAXATION.—November 27.

# Commonwealth v. Southern Pacific Co.

Appeal from Jefferson Circuit Court; Common
Pleas Branch; First Division.

. EMMETT FIELD, Judge.

From a judgment sustaining a demurrer to the
Commonwealth's reply to a plea in abatement the
Commonwealth appeals—Affirmed. ·

1.  Abatement—Another Action Pending.—Ky. Stats., 1903, section 4241, authorizing a suit to compel the listing of property
    for taxation, does not contemplate two proceedings by the
    revenue agent of the State against the tax-payer, involving
    the same issues and seeking the same relief.
2.  Same.—A suit instituted by the revenue agent for the State
    at large, under Ky. Stats., 1903, section 4241, to compel the
    listing of property for taxation, does not abate on the death
    of such officer.
3.  Same.—Where two suits are instituted under Ky. Stats., 1903,
    section 4241, to compel the listing of property for taxation,
    against the same tax-payer, involving .he same issues, and
    seeking the same relief, the prior suit abates the subsequent one.
4   Taxation—Listing Property—Action to Compel.—A proceeding
    before the board of tax supervisors by the revenue agent for
    the State at large to obtain the listing of property for taxation is not the institution of a suit under Ky. Stats., 1903,
    section 4241, authorizing a suit to compel the listing of property for taxation.
5.  Attorney General—Duties—Actions—Listing Property for Taxation.—Ky. Stats., 1903, section 113, declaring that the Attor-

ney General shall attend in behalf of the Commonwealth to all cases in which it is interested, except where it is made the duty of the county attorney to represent the Commonwealth, and shall institute the proper proceedings to enforce payment of demands due the State, and section 114, declaring that he, with the assistance of the Auditor, shall investigate the condition of all unsatisfied claims due the Commonwealth and take all necessary steps to collect the same, do not authorize the Attorney General to prosecute in conjunction with the revenue agent a suit to compel the listing of property for taxation.

N. B. HAYS, Attorney General, J. H. HAZELRIGG and J. SMITH HAYS for the Commonwealth.

The Commonwealth of Kentucky is interested in causing an assessment of the property belonging to persons subject to be taxed in the State. It is this interest of the Commonwealth that is dominant in the case at bar. It is not a question of penalties to be divided between the agents, or of what agent, if any, is entitled to fees. The Attorney General of the State, using the name of the Commonwealth, appeared before the board of supervisors, also in the county court, and in the circuit court, and appears here, asking that he be permitted to prosecute for the State this action. The appellee interposes a plea in bar to the right of the parties to be heard in this case. That plea in bar depends upon the ability of a real subsisting prosecution on the part of the Commonwealth against the appellee for the same cause at the time of the institution of this suit. No suit was pending by Mr. Alexander on February 4, 1907, when the Attorney General begun his effort to cause the assessment of the appellee's property; and no suit—that is, a subsisting active prosecution—by Mr. Alexander or any other officer authorized to prosecute was in existence on March 14, 1907, when Mr. Hardesty filed this suit in the Jefferson county court. There being, in fact, no active prosecution in existence at either date, it results that the plea in bar should not have been sustained.

Certainly it is not proper that the Commonwealth should be permitted to prosecute two suits upon the same state of facts against the appellee, for this would not be fair to it; but the Commonwealth asks that the appellee be required to answer in the suit which it elects to prosecute, not in the suit that appellee would prefer that it prosecute. This the courts of the State ought to authorize the Commonwealth to do.

HUMPHREY & HUMPHREY and PRESTON DAVIE for appellee.

## SUMMARY.

1. Where, as here, two similar proceedings have been begun by revenue agents for the assessment of omitted property, the taxpayer is entitled to have one of them abated. (Riedel v. Comth., 28 Ky. Law Rep., 898; Comth. v. Bacon, 31 Ky. Law Rep., 472; Lucas v. Comth., 28 Ky. Law Rep., 372.)

2. A proceeding by a revenue agent to assess omitted property is not abated by the death of that officer. (Ency. of Pl. & Prac., vol. 17, p. 171; Cyc., vol. 1, p. 119; Thompson v. United States, 103 U. S., 480; Lindsey v. Auditor of Kentucky, 3 Bush, 233; Clark v. McKenzie, 7 Bush, 31; Hendricks v. Posey, 20 Ky. Law Rep., 364; Sebree v. Comth., 115 Ky., 736.)

3. In proceedings by revenue agents to assess omitted property the Commonwealth is the principal and not the revenue agent. (Sebree v. Comth., 115 Ky., 736; Comth. v. Bacon, 31 Ky. Law Rep., 472.)

Therefore, in the present proceedings, since it is admitted by the pleadings that the jurisdiction is the same, the issues are the same and the relief sought is the same, the appellee is entitled to have one of each of the present sets of actions abated.

4. The rule here and elsewhere is that the prior action when pleaded abates the subsequent one, and a subsequent one can not be pleaded to abate a prior one. (Ency. of Pl. & Prac., vol. 1, p. 752; Century Digest, vol. 1, p. 33; Renner & Bussard v. Marshall, 1 Wheaton, 215; Phillips v. Southern Division, C. & O. Ry. Co., etc., 110 Ky., 33; Loveland-Garrett Co. v. Day (1907), 30 Ky. Law Rep., 879; Lucas v. Comth., 28 Ky. Law Rep., 372.)

5. A hearing before the board of supervisors of Jefferson county does not commence an action of a revenue agent to assess omitted property, because

(a) Both "actions" and "special proceedings" and "civil cases" under the Code, and must be before a judicial body. (Civil Code, sections 1, 2 and 3; Am. & Eng. Ency. of Law, vol. 26, p. 1; Cyc., vol. 7, p. 153; Schultz's Lessee v. Moore (Ohio), Wright, 230; Prince v. McCarthy, 61 Wis. 3, 20 N. W. 655.)

(b) A board of supervisors is not a judicial body, and the act of assessing property is a purely ministerial act, totally unconnected with the present proceeding. (Muir's Admr. v. City of Bardstown, 27 Ky. Law Rep., 1150.)

(c) The proceeding by a revenue agent to assess omitted prop-

Commonwealth v. Southern Pacific Co.

erty, as before shown, is a "special proceeding" and as such is an "action" within the meaning of the Code. (Code, section 732, number 34.)

(d) An action is commenced by filing a petition with the clerk of the proper court. (Code, section 39.)

(e) A special proceeding of the present character is commenced by filing a statement with the county clerk. (Lucas v. Comth., 28 Ky. Law Rep., 372, and cases cited; Riedel v. Comth., 26 Ky. Law Rep., 848.)

Therefore, since the pleadings admit that the statements in the present proceedings were filed with the county clerk subsequently to those of Mr. Alexander, they are the ones properly abated.

6. The Act of Revenue and Taxation is not in conflict with the Constitution, or other statutes, and does not curtail any of the rights given the Attorney General. (Constitution, section 91; Ky. Stats., sections 113, 114; Denny v. Coulter, 23 Ky. Law Rep., 1619; Act of Revenue and Taxation, Acts 1906, p. 227; Ky. Stats., sections 145, 4169, 4170.)

7. Under the Act of Revenue and Taxation the Attorney General has no right to direct or interfere with the revenue agent's proceedings to have omitted property assessed. (Denny v. Coulter, 23 Ky. Law Rep., 1619.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On March 14, 1907, appellant, D. L. Hardesty, revenue agent for the State at large, and its Attorney General, filed in the Jefferson county court a statement alleging that appellee was the owner of more than $300,000,000 worth of personal property, consisting of stocks, bonds, and securities in various corporations, companies, and associations, on September 1, 1906, that had not been listed for taxation for the year 1907, by any of the officers charged with that duty; that appellee was a domestic corporation, with its home office and place of business in Jefferson county, Ky. A list of the property was filed with the statement. On April 1, 1907, appellee moved the court to require appellant to elect whether it would prosecute this suit or the one instituted by George

H. Alexander, revenue agent for the State at large, to compel the listing of appellee's property for the same year, for the same amount, with which action a similar list of appellee's property was filed. The court overruled this motion and refused to require appellants to elect. Appellee then filed a plea in abatement, which reads as follows: "The defendant, the Southern Pacific Company, says that the plaintiff ought not to be allowed to prosecute this suit, because on February 7, 1907, and prior to the bringing of this suit, the plaintiff, the Commonwealth of Kentucky, by George H. Alexander, filed a statement against the defendant for the same matter concerning which the present statement is filed, and that the said proceeding by the said George H. Alexander is still pending and undetermined, and defendant pleads the same in abatement of the present suit." Appellant filed a general demurrer to this plea, which was overruled; and it then filed a reply to the plea in abatement, which is as follows: "The plaintiff, for reply to the plea in abatement and in avoidance of same, says that George H. Alexander, revenue agent for the State at large, who instituted the action No. 2,451 on February 7, 1907, died on February 12, 1907, and said action was as to him abated; that his power as revenue agent for the State at large ceased on said date. Plaintiff says that on March 14, 1907, and before any other revenue agent for the State at large, or for the county of Jefferson, had instituted any proceeding in this court, D. L. Hardesty, who is relator in this action, instituted this proceeding." To this reply appellee filed a demurrer, which was sustained by the court, adjudging that this action be abated and dismissed, to which ruling appellant excepted and prayed an appeal to this court.

It is the contention of the Commonwealth under the facts recited, that the suit of the Commonwealth by George H. Alexander, revenue agent for the State at large, mentioned in the plea of abatement, was not pending, and had not been since the death of George H. Alexander, February 12, 1907; that Alexander was a public officer of the Commonwealth, and that at his death the office of revenue agent, which he had filled, became vacant, and the suit at his death was abated; and therefore Revenue Agent Hardesty had the right to institute and prosecute this action. This court has repeatedly decided that no rule, which would tend to harass the taxpayer with two proceedings against him for the same thing, should be upheld. It was not contemplated by section 4241, Ky. St. 1903, that the taxpayer should be put to the trouble of defending two proceedings for the same thing. See Riedel v. Commonwealth, 82 S. W. 635, 26 Ky. Law Rep. 898. It is conceded by the representatives of the Commonwealth that, if the action instituted by Alexander as revenue agent for the State at large was pending after his death and did not abate by his death, then there were two actions in existence against appellee for the same thing. It is clear that the death of Alexander did not abate the suit instituted by him. In the case of Commonwealth v. Bacon, 102 S. W. 839, 31 Ky. Law Rep. 472, this court said: "The proceeding under section 4241 is a proceeding by the Commonwealth. The revenue agent is only the officer authorized to institute the proceeding. It is the Commonwealth's suit." To the same effect are the cases of Hendrick v. Posey, 45 S. W. 702, 20 Ky. Law Rep. 359, and Sebree v. Commonwealth, 115 Ky. 736, 74 S. W. 716, 25 Ky. L. R. 121. These authorities sustain the proposition that the death of Alexan-

der did not abate the action instituted by him, and it was pending at the time the order of abatement was made in this action. As stated, it is agreed that the same issues were involved and the same relief sought in both actions, and, as appellee should not be harassed with two actions for the same thing, it was entitled to have one of the actions abated.

Appellant claims that the first should have been abated. The law is that the last action brought should be abated. It is priority, and not the mere pendency of a suit, that abates a second. The pendency of a suit subsequently instituted cannot be pleaded either in abatement or in bar to a prior suit between the same parties for the same cause of action. See 1 Ency. of Pleading & Practice, 752; Phillips v. Southern Division C. & O. R. R. Co., 110 Ky. 33, 22 Ky. Law Rep. 1530, 60 S. W. 951; Lucas v. Comth,, 89 S. W. 292, 28 Ky. Law Rep. 372 and Butler, sheriff v. Watkin's Ex'rs, 27 S. W. 995, 16 Ky. Law Rep. 302. In this last case the auditor's agent filed a statement on June 12, 1891, on which process was issued on June 18, 1891. The sheriff listed the property on June 17, 1891, and filed his list with the county court clerk. It was held that the proceedings by the auditor's agent took precedence of the sheriff's proceedings. It is claimed by counsel for appellant that they were before the board of tax supervisors, endeavoring to get the property of appellee listed for taxation, when Alexander instituted his proceeding of February 7, and by reason of this fact the court should determine that this proceeding instituted by Hardesty should be upheld as having priority over the Alexander suit. The proceeding by the representatives of the Commonwealth before the board of tax supervisors was not the institution of an action

or proceeding under section 4241, as appears from the authorities cited above.

The remaining question to be determined is the claim of appellant's counsel that under sections 113, 114, 145, 4169, and 4170 of the Statutes, the Attorney General has the power to select which revenue agent shall prosecute an action to assess omitted property, and to prosecute it in conjunction with him. The Attorney General is an officer whose election is provided for by the Constitution; and it is provided by section 91 of the Constitution that his duties shall be such as may be prescribed by law; therefore his duties are such as are provided by the Legislature This precise question was considered and determined in the case of Coulter v. Denny, 67 S. W. 65, 23 Ky. Law Rep. 1619, in which the court said: "As it was the duty of the auditor's agent to institute the proceeding against Cecil, and the duty of the county attorney of that county to have prosecuted it, it follows that it was not the duty of the Attorney General under section 113 to represent the Commonwealth in the Boyle county court, nor was it one of the actions which he was authorized to institute and employ an attorney to assist in its prosecution under section 114." In that case this court considered and construed all the sections referred to by appellant, except sections 145, 4169, and 4170. These sections have no application to the question herein involved. Section 145 provides for prosecutions by the Attorney General, upon information of the Auditor, of all public officers or public debtors who fail to render their accounts at the proper time, or pay the amounts in their hands due the Commonwealth into the treasury. Section 4169 provides for the institution of actions by the Auditor, to be prosecuted by the Attorney General,

for the purpose of subjecting the equitable estates of delinquents to the payment of judgments against them in favor of the Commonwealth, when there has been a return of "No property found" on an execution to enforce the judgment. Section 4170 provides for a penalty of 20 per cent. in the event a recovery is had against a delinquent in an equitable action under section 4169. It is obvious that the present proceeding to compel the assessment for taxation of omitted property is not required of the Attorney General under the statutes referred to. The Legislature has not imposed this duty upon him; but he should be commended for giving advice and aid in the prosecution of such actions, as well as all other actions in which the Commonwealth is interested, even though it is not required of him by express statute.

For these reasons, the judgment of the lower court is affirmed.