# Proctor et ux. v. Peoples Bank of Morehead.

March 15, 1940.

As Modified and Extended on Denial of Rehearing May 17, 1940.

H. Clay Kauffman, Special Judge.

W. E. Proctor, Blakey Helm and Trabue, Doolan, Helm & Stites for appellants.

James C. Clay for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 30, 1932, the appellants and defendants below, W. E. Proctor and wife, executed their joint note to the appellee and plaintiff below, Peoples Bank of Morehead, by which they agreed and promised to pay it four months thereafter the sum of $7,000. To secure the note defendants simultaneously with executing it gave a mortgage to plaintiff on four separate pieces of real estate in Rowan county which was acknowledged, delivered and recorded. Some small payments were made on the note from time to time and the interest was paid on it, or a renewal of it, up to August 28, 1938, after which all payments of either principal or interest ceased.

This action was filed by plaintiff against defendants in the Rowan circuit court on May 22, 1939, to recover the balance due on the note and to foreclose its mortgage lien on the encumbered real estate. Defendants filed a general demurrer to the petition, which the special judge who presided at the hearing very properly overruled. They then filed what they claimed was a "Plea in Abatement," which, omitting caption and signature, says: "Comes the defendant and says that the plaintiff, in the action styled City of Morehead versus W. E. Proctor, a suit for the purpose of subjecting the property of this defendant to a lien for street paving, filed its plea asserting a lien on the same property by reason of a mortgage note held by plaintiff on defendant the payment of which was secured by the same mortgage sued on in both said actions and that said other action is still pending in this Court and defendant insists that both claims against his property be litigated together in one action and says that to permit both these actions to be maintained would entail unnecessary cost and expense on him. Wherefore defendant prays that this action abate," etc. Prior to the taking of such alleged defensive steps the circuit court clerk of Rowan county certified to the Chief Justice of this court that Hon. D. B. Caudill, the regular presiding judge of the Rowan circuit court was disqualified to sit in the action because he was a brother-in-law of the defendant, W. E. Proctor, and pursuant to that certification the Chief Justice designated the Hon. H. Clay Kauffman to preside in the cause as special judge, which he did.

Plaintiff demurred to the alleged plea in abatement, which the special judge sustained, and upon defendants declining to plead further the allegations of the petition were taken for confessed, followed by a judgment against them for the unpaid balance of the indebtedness with interest, and costs, and an order directing the master commissioner to sell the mortgaged property, or enough of it to satisfy the judgment—from all of which defendants prayed and were granted an appeal to this court. They attempted to supersede the judgment in the trial court, but upon proper application to this court the supersedeas bond which they caused to be executed before the Rowan circuit court clerk was held to be insufficient in that the sureties did not possess the requisite property qualifications, and defendants were then given to and including February 10, 1940, within which to execute an additional bond. They failed to comply with that order in this court. On the contrary, they, on February 13, 1940, filed motion in this court to set aside the order holding the supersedeas bond insufficient, which, if sustained, would have the effect of declaring it sufficient, but that motion has been overruled.

In the meantime and on November 22, 1939, plaintiff (appellee) procured a copy of the transcript and filed it with the clerk of this court pursuant to the provisions of Section 741 of our Civil Code of Practice. At the time plaintiff made its motion to quash the supersedeas bond it also moved this court for an affirmance of the judgment "as a delay case" pursuant to the provisions of Section 759 of the same Code. That motion was passed to the merits of the case, but a third motion made by appellee at the same time to advance the case was then sustained. Two questions are presented, (1) whether or not the judgment under the practice should be affirmed as a delay case, and (2) whether or not it should be affirmed on the merits of the case independently of question (1).

Since the effect would be the same in either case should question (2) be decided in the affirmative (which we are convinced should be done), we have concluded to not discuss or determine question (1) supra, but direct the opinion exclusively to a consideration of question (2), which of course involves the sufficiency of the al-

leged plea in abatement, and which question we will now proceed to discuss and determine.

A plea in abatement is what is designated in the law as a diliatory plea, i. e., it is one not going to the merits of the case but employed for the purpose of temporarily disposing of the particular litigation in which it is interposed because of some fact de hors the record disentitling plaintiff to maintain his action in the circumstances of his filing it, or at the time of the interposition of the dilatory defense. It is unnecessary to enumerate the different kinds of dilatory pleas employed in the practice, it being sufficient to state that the pendency of a former action between same parties or their privies, in a court having jurisdiction of both the subject matter and the person and filed to obtain the same relief, is a bar to a later filed similar action—provided the first one was pending *at the time* of the filing of the later one sought to be abated, and the pendency continued until the filing of the dilatory plea. It is generally designated as an abatement plea because of ''the pendency of another proceeding.''

The text in 49 C. J. 238, Section 279, in stating the rule—universally recognized and applied—as applicable to such a plea says: ''A plea in abatement upon the ground of the pendency of another proceeding must set out facts which show that the first action operates to abate the second; it must show in what court such action is pending, that the court has jurisdiction, that the action *was pending at the commencement* of the second action and at the time of the plea, that it *was prior* to the one at bar, when the (filing of the) action was commenced, and that the court obtained jurisdiction *of defendant, or of the property, or otherwise took jurisdiction* of the cause. It need not, however, allege that the (first) action was not discontinued before the plea was filed. The cause of action must be shown to be the same and the parties the same, or in case the parties are not the same, privity must be shown.'' (Our emphasis.)

The text in 21 R. C. L. 541, Section 103, confirms our statement supra as to the different kinds of pleas in abatement; and on page 543, Section 105, it deals with the particular one of ''Pendency of Another Action.'' The text—as does all others dealing with the same subject—points out how such an abatement plea may be

avoided by dismissing the first action, etc., but none of which methods enter into this case, since no such question arose, or was presented. In a part of the latter text it is said: "If a party pleads a former suit pending, in abatement of a second suit, he must *allege clearly* that the cause of action of the first is identical with that of the second suit." (Our emphasis.) That statement, as will be seen, is in complete accord with those taken from the volume of Corpus Juris supra; and it will furthermore be observed that the declared and approved rule clearly and distinctly recognizes the necessity of the *pendency* of a *first* action between the same parties, embracing the same subject matter, before it—as such first action—may be relied on in abatement of a second one filed by the same party against the same antagonist or their privies, to obtain the same relief. To the same effect is the text in 1 Cyc. 23, saying: "The first suit must be pending to be available in abatement of a second suit between the same parties for the same cause." And on page 45 of the same volume the text says: "The original or first suit can not be abated by a plea that another action for the same cause was afterward commenced." See also the text in Newman's Kentucky Pleading and Practice, Third Edition, Volume 1, Section 392. Those texts are in complete accord with the rulings of courts generally in passing upon the sufficiency of such a dilatory plea.

In brief of appellants the case of Commonwealth v. Southern Pacific Co., 127 Ky. 358, 105 S. W. 466, 467, 32 Ky. Law Rep. 259, is cited and relied on as authority in support of the alleged error of the court in sustaining the demurrer filed by plaintiff to the plea in abatement. It and others are relied on to support the contention that the instant plea in abatement was and is sufficient, and that the demurrer filed to it should have been overruled. But, if we can understand language, that opinion not only fails to support counsel's contention, but, on the contrary, is direct and positive authority in support of the insufficiency of the abatement plea in this case. It was expressly stated in that opinion (without setting out the facts, or how the question arose, since it is immaterial to do so) that: "Appellant claims that the first [action] should have been abated. The law is that the last action brought should be abated. It is priority, and not the mere pendency of a suit, that abates a second.

The pendency of a suit subsequently instituted cannot be pleaded either in abatement or in bar to a prior suit between the same parties for the same cause of action. See 1 Ency. of Pleading & Practice, 752; Phillips v. Southern Division C. & O. R. R. Co., 110 Ky. 33, 60 S. W. 941 [22 Ky. Law Rep. 1530]; Lucas v. Com., [121 Ky. 423], 89 S. W. 292, 28 Ky. Law Rep. 372, and Butler, Sheriff, v. Watkins' Ex'rs, 27 S. W. 995, 16 Ky. Law Rep. 302.'' Having ascertained the applicable law, we will now attempt an interpretation of the contents of the involved plea to determine whether or not it measures up to the foregoing requirements.

While it is not expressly so stated in defendants' abatement plea, it is inferentially alleged that *at the time of its* filing in the instant action, on the 29th day of June, 1939, there was another action pending in the same court, styled the City of Morehead v. W. E. Proctor. It is then alleged that the purpose of that action was to subject "the property of this defendant to a lien (in favor of the city) for street paving," and that plaintiff filed its pleading in that action asserting a lien on the same property (which means the same property that the city was seeking to subject in that action), which we have seen was only "the property" of defendant or defendants, without any showing that it was the *same* property involved in the instant action. It is true that it is alleged that the plaintiff herein had a mortgage on the particular piece of property sought to be subjected by the city in that suit, but it is nowhere alleged that the lien attempted to be enforced by plaintiff herein, by its intervening plea in that case, was for the purpose of securing the *same* debt sought to be collected in this action. So that, in the respects indicated, the plea failed to measure up to the essential requirement to make it an effective one. There was a failure to show identity of the two causes of actions, and also a failure to aver other absolutely essential requisites discussed in the immediately following paragraph.

But a most fatal omission was and is that the plea nowhere averred that the action pleaded in abatement was pending *at the time* of the filing of *this* action, although it was alleged that it was pending at the time of the *filing* of the abatement plea in this action. This action was filed, as we have seen, on May 22, 1939, and the abatement plea was filed more than a month thereafter,

during which time the alleged prior action might have been filed, and if done within that time it would be the second suit and be subject to abatement because of the pendency of the instant action. The plea therefore did not allege essential facts to render it effectual in this case because of a failure to show priority of pendency, but which we have seen is universally declared to be the proper practice. Counsel for appellants in their briefs recognize the rule as we have stated it when they say: "There was already an action pending involving liens on this same property," and "there was pending another action. And it does not appear that that other action, pending *prior to this action* had ever been assigned for trial by this particular special judge." (Our emphasis.) If the abatement plea had averred that the alleged prior action was "pending prior to this action," then this particular defect under consideration would be eliminated; but, as we have pointed out, such an averment was entirely omitted.

Considerable argument is indulged in by counsel with reference to alleged irregularities in the appointment of the special judge who heard and determined the case in the trial court and who rendered the judgment appealed from; but no objection was raised in that court as to the competency of the special judge to hear and determine the cause. However, if there had been appropriate objections to his presiding, the irregularity relied on as rendering him incompetent is entirely insufficient for that purpose. Since no objections were made, and the competency of the regular judge being clearly shown and admitted, the special judge who tried the case may in the circumstances be considered as having been agreed upon by the parties, he being a qualified person for the position and no objection made to his presiding at the hearing.

Wherefore, for the reasons stated, the judgment is affirmed.