# Razor v. Commonwealth.

March 26, 1943.

Ward & Ward for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

This appeal by Tab Razor, a negro, is from a two-year sentence to the penitentiary for detaining a woman against her will with intent to have carnal knowledge of her, the crime denounced by section 1158 of the Kentucky Statutes (now KRS 435.110). The principal ground urged for reversal is that a verdict of not guilty should have been directed because the evidence was insufficient as a matter of law to establish that there was a detention. Several other grounds are relied on but are so completely lacking in merit as to require no mention or discussion.

The prosecuting witness, Mrs. Roy Morgan, a white woman, lived in the outskirts of Hazard. She had visited her husband, who was in jail, and the matters giving rise to this prosecution occurred while she was returning home. Her version of the occurrence was as follows:

"I had been down to the city jail and I was going back up the street, I went up the back way and went up Broadway. I passed this colored fellow half way between the Broadway School and H. B. I. I passed him up. I was walking fast. I noticed who it was. I never spoke. I cut in to the football field. * * * I heard somebody walking behind me fast. * * * I went on across and turned up the dirt road. There was a path turned off the dirt road after you pass Asbury Hogg's house, we go up. There is a path goes way up on the hill to a road going around to our house. I started up that path. There was a little path going out there. I took up this side nearest to it. I got up on the bank. I heard somebody mumbling something. * * * (It was) Tab Razor. And I said, 'What did you say?' He looked up at me, and said, "I will give you $10 for it.' * * * I says, 'What do you think I am.' He started around this other path to come around where I was. When he took two or three steps, I run back down the way I had come up. I was crying and Lloyd Lay come to me and asked me what was wrong."

On cross-examination she was asked and answered certain questions as follows:

"Q. He never did get in front of you? A. I didn't give him a chance to.

"Q. When you run back you didn't have to pass him? A. No, I was coming up that way.

"Q. He didn't get in front of you—try to stop you? A. I didn't give him a chance to.

"Q. He didn't try to stop you. A. Sure, he was trying to get where I was at."

This was the only material evidence introduced by the Commonwealth. Appellant denied the occurrence and claimed that he did not even see the prosecuting witness on the day in question.

To constitute a detention within the meaning of the statute it is not essential that there be physical contact. If the progress of a woman is impeded or hindered by force or threats or by a show of force a detention has occurred. Jones v. Commonwealth, 121 Ky. 266, 89 S. W. 174; Teater v. Commonwealth, 216 Ky. 170, 287 S. W.

537. But mere solicitation of sexual intercourse does not amount to a violation of the statute, and to render one guilty thereunder such a solicitation must be accompanied by acts amounting to an interference with the free volition of the woman, restraining or preventing her from following her own course or going her intended way. Woodward v. Commonwealth, 250 Ky. 393, 63 S. W. (2d) 477.

In the case before us we fail to see anything in the testimony of Mrs. Morgan indicating that her progress was impeded or interfered with or that she was restrained or prevented by appellant from going her intended way. He was merely following her and had not reached a point such as would enable him to interfere with her progress. True, she says, ''I run back down the way I had come up'' but such action on her part was a matter of her own choice and was not brought about by force or threats or show of force on appellant's part or by any action on his part barring her progress along her intended way. The case is somewhat similar to Tinsley v. Commonwealth, 222 Ky. 120, 300 S. W. 368, where a woman became alarmed at the conduct of the accused and ran, the accused following her. The accused was not in position to hinder or impede her progress and it was held there was no detention.

Appellant's conduct was most reprehensible but the evidence failed to establish that he was guilty of the crime of which he was convicted. A verdict of not guilty should have been directed.

Reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.