## Russell v. Commonwealth.

Oct. 3, 1944.

James C. Carter for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Ray Russell, has been convicted of the crime of detaining a woman against her will, and his punishment fixed at confinement in the state reformatory for a term of two years. The sole ground relied upon in appellant's brief for reversal of the judgment is the failure of the trial court to sustain his motion for a directed verdict of acquittal. It is his theory that the facts developed at the trial fail to show a detention within the meaning of the statute, which provides that any person who unlawfully detains any woman against her will with intent to have carnal knowledge of her shall be confined in the penitentiary for not less than two nor more than seven years. KRS 435.110.

The prosecuting witness, Nola May Keys, lives with her mother in Monroe county. On July 19, 1943, she walked to the town of Fort Run. Appellant crossed the road in front of her, near his father's home, but did not speak to her. On her return trip she passed the home of appellant's father and saw appellant standing in the door. She walked about one-fourth mile down the road toward her home when appellant suddenly appeared in the road, waved his arms, and attempted to grab her. His face and hands had been blackened. She dodged him, ran off the road, waded across a creek, and ran to the home of Jim Dishman where she related what had happened and asked Dishman and his wife to accompany her to her home. As she ran down the creek appellant followed her on the opposite side for some distance. Dishman armed himself with a 22-caliber rifle,

and he and Mrs. Dishman started up the creek with Miss Keys. Dishman testified in part as follows:

"Q. In carrying the girl home, who did you see? A. Ray Russell.

"Q. Where did you see him? A. By the side of the road laying upon the edge of the bank.

"Q. Was he concealed under some bushes? A. He wasn't really hid.

"Q. Disguised any way? A. Yes.

"Q. How? A. His face was black.

"Q. Have any conversation with him? A. Yes.

"Q. What was that? A. I said Ray, what are you doing here with that face looking like that, and he said 'I am looking for Fowler Campbell. There is a $15.00 reward out for him, do you want to help me catch him.' I said, 'Not me,' and he said, 'You can make $15.00 mighty quick.' I asked him what he had his face black for, and he said he thought he would catch him easier. He told me in a round about way that he come to get him, and said Mr. Jones come with him through a corn field and they were after him. He was going on down the creek and wanted me to go with him. He told me how he come and I knowed at the time he didn't for I saw him pass my home while I was standing there talking to the kid. I knowed he didn't make that route. He said he did, and I didn't dispute it."

Fowler Campbell was a negro fugitive, and a reward of $15 had been offered for his arrest.

Appellant insists that the evidence fails to show an unlawful detention of the prosecuting witness, and Razor v. Commonwealth, 293 Ky. 704, 170 S. W. 2d 10, is cited. In the Razor case the prosecuting witness was traveling along a path to her home. The accused was never in front of her, and there was no testimony that he impeded or interfered with her progress. To constitute an offense under the statute, there must be both the detention against the will of the prosecutrix and the intention of the accused to have carnal knowledge of her, but it is not essential that there be physical force. What amounts to a detention under the statute was stated as follows in Jones v. Commonwealth, 121 Ky. 266, 89 S. W. 174, 176: "It is not necessary that the defendant should take physical hold of the woman in order to con-

stitute a detention. If she is detained by him for the purpose of having carnal knowledge of her, he is guilty, although the detention is slight in point of time and no physical force is actually used.''

The jury is allowed a reasonably wide range in which to infer intent from the circumstances: Nerren v. Commonwealth, 268 Ky. 715, 105 S. W. 2d 838.

The evidence was sufficient to sustain the verdict, and the judgment is affirmed.