### TOBIN v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 8, 1953.

C. Ewbank Tucker, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., John Browning, Asst. Atty. Gen., for appellee.

COMBS, Justice.

Frank Tobin has appealed from a judgment sentencing him to seven years in the penitentiary for detaining a woman against her will with the intent to have carnal knowledge of her. KRS 435.110.

He contends first that the Special Judge who tried the case was not lawfully selected, and second that he was entitled to a peremptory instruction because there was no evidence of detention within the meaning of the statute.

The first ground urged for reversal is not available to appellant because the record shows the Special Judge who tried the case did so without objection. Feck v. Commonwealth, 264 Ky. 556, 95 S.W.2d 25; Proctor v. Peoples Bank, 283 Ky. 100, 140 S.W.2d 667.

A determination of the second ground requires a statement of the facts. The prosecuting witness testified she was sleeping in one room of her house, with five of her seven children also asleep in

the room. About 4:30 o'clock in the morning she awakened to find the appellant standing over her bed; he had his shoes under one arm and his hands on his private parts. He told her not to scream but she screamed anyway, and the appellant ran out of the house. He was apprehended almost immediately by police officers patrolling the neighborhood, and the prosecuting witness made positive identification. Appellant denied being in the house.

We think there was sufficient evidence of detention to support the verdict of the jury. The statute does not require that there be physical contact. A momentary detention is sufficient and a detention has occurred if the progress of the woman has been impeded or hindered by threats or by a show of force. Jones v. Commonwealth, 121 Ky. 266, 89 S.W. 174; Teater v. Commonwealth, 216 Ky. 170, 287 S.W. 537; Razor v. Commonwealth, 293 Ky. 704, 170 S.W. 2d 10. Here, there was an implied threat of force if the prosecuting witness attempted to move or cry out, and to this extent there was an interference with her free movement.

The case of Pardue v. Commonwealth, 224 Ky. 783, 7 S.W.2d 211, cited by counsel for appellant, is distinguishable on the facts. In that case the defendant made no overt act toward the prosecuting witness, addressed no remarks to her, and there was no evidence he had the intent to have carnal knowledge of her.

The judgment is affirmed.