Herbert SEVIER, Appellant,

v.

Eula SEVIER, Appellee.

Court of Appeals of Kentucky.

June 17, 1955.

Victor A. Jordan, Barbourville, for appellant.

Lewis & Weaver, London, for appellee.

CAMMACK, Judge.

Herbert and Eula Sevier, appellant and appellee, were married in October, 1930, and lived together as man and wife until their separation in January, 1953. They have ten children, eight of whom, ranging in age from five months to seventeen years, were living with them at the time of the separation. A judgment of the Laurel Circuit Court awarded Mrs. Sevier an absolute divorce because of her husband's cruel and inhuman treatment, custody of the eight children and $40 a month for maintenance. Mr. Sevier urges a reversal of the judgment on the grounds that (1) the Special Judge, Hershel Sutton, was without authority to try the case because the record does not show that he was commissioned to act in that capacity; (2) the trial judge erroneously adjudged Mrs. Sevier a lien on his real estate to assure the payment of any ali-

mony she might be awarded; and (3) he was entitled to custody of the children.

The contention that the special judge was without authority to try the case is without merit for two reasons. The first reason is that neither of the parties objected to his trying the case and any question as to his authority was waived. Proctor v. Peoples Bank of Morehead, 283 Ky. 100, 140 S.W.2d 667. The second reason is that the records in the office of the Administrative Director of this Court, of which we take judicial notice, show that a special judge's commission and a designation to try this case were issued duly to Hershel Sutton on June 22, 1954.

In the first judgment the trial judge stated that Mrs. Sevier was entitled to alimony, but because of the fact that the property was of no great value and would have to be sold if lump sum alimony was awarded to her, Mrs. Sevier was given the right to occupy the house and 400 feet of ground surrounding it. He sustained an attachment on the real estate Mrs. Sevier had obtained at the beginning of the action and adjudged her a lien against it to secure the collection of whatever alimony she might be allowed. He reserved a ruling on the alimony question. In his supplemental judgment, entered about three weeks later, the trial judge set aside that part of the original judgment which granted Mrs. Sevier and the children the use of the house and increased the support award to $45 to provide $5 for the payment of rent. She was given certain items of furniture.

We have held that a lien may be imposed upon the husband's property to secure the payment of alimony; and that such a lien does not divest the husband of his fee in the real estate. Townsend v. Townsend, Ky., 252 S.W.2d 670; Faulconer v. Faulconer, 307 Ky. 850, 212 S.W.2d 322. Therefore, it was not improper to sustain the attachment and adjudge Mrs. Sevier a lien on the property.

It is argued by Mr. Sevier that the court should have awarded custody of the children to him because it was shown by his neighbors that he was of good character, hard working and an industrious farmer. Without detailing the evidence with particularity, we think it shows that the court did not err in awarding custody of the children to their mother. In a divorce proceeding it is the welfare of the children and not the wishes of the parents that is the controlling factor in determining who shall have their custody. Mosley v. Mosley, Ky., 272 S.W.2d 336; Youngblood v. Youngblood, Ky., 252 S.W.2d 21. Mrs. Sevier said her husband tried to kill her and her baby and that he had accused her of being unfaithful to him. All of the children, except one, said they wanted to live with their mother. Mr. Sevier admitted some of his wife's accusations and denied others. We think the evidence was amply sufficient to justify awarding custody of the children to Mrs. Sevier.

Judgment affirmed.