Tony CARMICLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 27, 1970.

Duerson & Lawrence, Guy K. Duerson, Jr., John M. Lawrence, Berea, Paul E. Hieronymus, McKee, for appellant.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Tony Carmicle, age 24, was adjudged guilty of the crime of detaining a female against her will with the intent to have carnal knowledge of her (KRS 435.-110) and was sentenced to serve two years in the penitentiary. He appeals. We reverse.

Patricia Aileen Sparks, age 17, accepted a telephone invitation to go automobile riding with Danny Cox, a 16-year-old close friend, and Carmicle. In Carmicle's car they went to Patricia's residence to get her. After they arrived she went into the house, obtained her pocketbook, came out and entered the car. They drove a short distance to a place where there was a beech tree where they stopped the car for from three to five minutes. Her testimony was that she and Danny hugged and kissed for a short time and Carmicle asked " * * * about my boyfriends and everything. I said I am going to get out of the car and he said oh no you don't and Danny Cox said oh no you don't, too and put his arms around me to keep me from getting out." She also testified that after Carmicle told her she was not going to get out of the car, he said he was going to have intercourse with her, but no effort to do so occurred at that time. Carmicle then " * * * drove out of the holler-a flying." They rode through Jackson County and Madison County, stopping at one place to get beer and another for gasoline and cigarettes. That evening they arrived at a tavern in Richmond where they stayed two or three hours, talking, drinking beer, eating and playing the juke box. They were joined by Larry Ramsey (sometimes referred to in the evidence as Charles Towery). Patricia and the three men went to the home of Elsie Brown, a relative of Carmicle, which was located in Danville.

They remained there only ten minutes and then drove to a remote spot and parked. Patricia testified that while the other men continued drinking beer Carmicle had intercourse with her. They later returned to Elsie Brown's home, sat around and watched television throughout the morning. Evidence indicated there was hugging and kissing between Patricia and Ramsey, also with Carmicle in an upstairs bedroom.

Patricia admitted that long before the sex act with Carmicle, while they were at a grocery store, Carmicle got out of the car and came right back, that at a restaurant where they stayed for some time, in addition to the proprietor there were other people there, but she made no effort to alert any of them that she was being detained. She conceded that the men did not prevent her from talking to the proprietor of the restaurant or to the other people and that she went to the restroom alone.

Her excuse was that she was scared of Carmicle and Danny, but was more afraid of her father than she was of them. She also said that the men told her the proprietor might call the police and that she did not want to encounter them. She further admitted she was having a good time.

Carmicle claims that when Patricia was invited to go she gladly accepted and at no time did she ask to go home and did not " * * * make any objection to anything that was done." He stated that Patricia asked him to have intercourse with her and to take her to Tennessee. He also said that she asked Danny to take her to Indiana and marry her. He was asked whether he had ever had intercourse with her and his answer was "not successfully, no."

While Patricia was the only witness for the Commonwealth, Danny, Ramsey and Chester Powell (the proprietor of a restaurant in which they stopped) all testified for the defendant. Their testimony corroborated what Carmicle had said.

For reversal, among other things, Carmicle claims that there was insufficient evidence to support the verdict. We agree.

In Russell v. Com., 298 Ky. 241, 182 S.W. 2d 773 (1944), we discussed the statute here involved and said:

"\* \* \* there must be both the detention against the will of the prosecutrix and the intention of the accused to have carnal knowledge of her, but it is not essential that there be physical force. What amounts to a detention under the statute was stated as follows in Jones v. Commonwealth, 121 Ky. 266, 89 S.W. 174, 176: 'It is not necessary that the defendant should take physical hold of the woman in order to constitute a detention. If she is detained by him for the purpose of having carnal knowledge of her, he is guilty, although the detention is slight in point of time and no physical force is actually used.' "

Carmicle relies on Woodward v. Com., 250 Ky. 393, 63 S.W.2d 477 (1933); Razor v. Com., 293 Ky. 704, 170 S.W.2d 10 (1943) and Burke v. Com., Ky., 264 S.W.2d 669 (1954), which he argues stand for the rule that there must be some interference with the female's free will. He insists that there was none here.

Carmicle also cites Holland v. Com., Ky., 272 S.W.2d 458 (1954), which stands for the proposition that verdicts in sex cases should be scrutinized carefully by this court because the charge is easily made and very difficult to disprove and is one which by its nature is liable to create a natural indignation in the jurors' minds. He refers us to Muncey v. Com., 245 Ky. 664, 54 S.W. 2d 46 (1932), in which the conviction of a boy for the same crime for which Carmicle is charged was reversed because the verdict was flagrantly against the evidence.

Additionally, Carmicle cites Kearney v. Com., Ky., 386 S.W. 953 (1965), in which we reversed a rape conviction because the 18-year-old prosecutrix had many opportunities to obtain aid and had failed to do that or to complain of the offense.

Carrier v. Com., Ky., 356 S.W.2d 752 (1962), held that a verdict of guilty of having carnal knowledge of a 14-year-old girl was flagrantly against the evidence. The facts in Muncey and Carrier were similar to those in the case now before us. In Roseberry v. Com., 227 Ky. 387, 13 S.W.2d 263 (1929), we declared that conviction for detaining a 12-year-old girl against her will for the purpose of carnal knowledge was not justified under the evidence because it indicated that she had consented to the act. We pointed out that although the female, because of her age could not legally consent to sexual intercourse, "\* \* \* if actual consent to a detention is given, there is no violation of \* \* \*" the detention statute. The rule announced in Holland v. Com., Ky., 272 S.W.2d 458 (1954), was repeated in Clements v. Com., Ky., 424 S.W. 2d 825 (1968), in which we wrote "To sustain a conviction our case law requires the testimony of the prosecutrix to be credible, probable, and not at variance with the laws of the common experience."

At the close of the evidence introduced by the Commonwealth the defense moved for a directed verdict dismissing the indictment. That motion was repeated at the close of all the evidence. Counsel for the appellant contended that the evidence was insufficient to sustain a conviction. In each instance the court overruled the motion.

We consider the rationale of Kearney, Carrier and Roseberry applicable here. The probative value of Patricia's testimony was destroyed by the total evidence.

The other incidents which appellant claims denied him a fair trial are unlikely to recur therefore we deem it unnecessary for us to discuss them.

The judgment is reversed with directions to grant appellant a new trial. Should the evidence be substantially the same a motion for acquittal should be sustained.

All concur.