RENDERED: DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1040-MR

ROBERT WARFIELD                                  APPELLANT

                 APPEAL FROM SHELBY CIRCUIT COURT
v.                  HONORABLE MELANIE BRUMMER, JUDGE
                 ACTION NO. 23-CR-00039

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Robert Warfield (Warfield) appeals an August 14, 2024, Bench Trial Verdict & Judgment, which convicted him of the charge of theft by unlawful taking or disposition of an automobile, greater than $1,000 but less than $10,000. The trial court sentenced him to two-years' imprisonment, probated for five years, and ordered him to pay restitution in the amount of $1,704.50. For the reasons stated, we affirm.

Background

Kimberly Olson (Olson) met Warfield on a dating website through Facebook and they began conversing in June of 2022.[1]  Within two weeks of their initial contact, on June 20, 2022, Olson reluctantly let Warfield borrow, "for a short time," a spare vehicle (the RAV4) she owned.  Olson requested Warfield return the RAV4 a couple days after she loaned it to him.  Warfield informed Olson that he had been arrested and charged with driving under the influence within days of borrowing her RAV4, though he assured her that he was driving a different vehicle at the time.  Though Warfield was later acquitted on those charges, Olson's concern was still heightened, and she repeatedly requested that Warfield return the RAV4.  Warfield responded to several of Olson's requests, agreeing to return the RAV4, though he continued to relay excuses for not returning it.

Olson sent several more messages to Warfield, beginning on August 2, 2022, demanding that he return the RAV4.  Record (R.) at 120-22.  Warfield responded affirmatively multiple times to the demands, appearing to agree to return the car, though it was often followed with an excuse for its nonreturn.  On October 2, 2022, Olson messaged Warfield that she would report the car being

---

[1] The parties also communicated through cell phone calls and texts after Robert Warfield took possession of Kimberly Olson's car.

stolen if Warfield did not return the RAV4 by the next day. He failed to comply. On October 8, 2022, she reported the car had been stolen by Warfield to the Shelby County Sheriff's Office.

The Lexington police located the RAV4 on October 12, 2022, identified the car as stolen, and had it towed. Warfield was subsequently arrested and later indicted by the Shelby County Grand Jury on February 23, 2023, for theft by unlawful taking.

A bench trial was conducted by the circuit court on May 2, 2024. Olson testified that when she retrieved the car, she noticed several spots of exterior damage, as depicted in Commonwealth's Exhibit No. 9. R. at 157-64. When Olson attempted to pick up the RAV4 from the tow lot, she quickly determined that the RAV4 was not safe to drive due to multiple mechanical issues, including a busted windshield and brakes that were not in good working condition. In addition to the exterior damage and mechanical issues, the interior of the RAV4 was also full of trash and had evidence of Warfield living in the car. Olson had the car repaired and cleaned though some exterior damage remained. Olson subsequently sold the car for approximately $3,000, which she testified was not a fair value for the car. She testified the car was worth substantially more before Warfield had borrowed it. Olson further testified she expended approximately $1,600 for repairs and tow charges for the vehicle.

At the close of the Commonwealth's case, defense counsel moved the trial court to dismiss the case pursuant to Kentucky Rules of Civil Procedure (CR) 41.02(2), asserting that the Commonwealth failed to meet its burden of proving the elements of the crime. The trial court denied Warfield's motion. Following closing statements by both parties, the trial court found Warfield guilty of the charge of theft by unlawful taking or disposition of an automobile, worth greater than $1,000 but less than $10,000.[2] This appeal followed.

Standard of Review

Our review of a trial court's ruling on a CR 41.02(2) motion is for abuse of discretion. *R.S. v. Commonwealth*, 423 S.W.3d 178, 184 (Ky. 2014). Abuse of discretion is a highly deferential standard, and an appellate court will only overturn a trial court ruling for abuse of discretion "when the trial court's decision is 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (citing *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000)).

When ruling on a motion made pursuant to CR 41.02(2), a "trial court 'must weigh and evaluate the evidence' rather than, with regard to [ruling on a

---

[2] The circuit court rendered Findings of Fact/Conclusions of Law on August 2, 2024. Thereafter, the Bench Trial Verdict & Judgment was entered on August 14, 2024. On the same date, an Order of Probation along with an Order of Restitution were also entered. The judgment and orders were signed on August 5, 2024, the date of Warfield's sentencing.

motion for] directed verdict, 'indulge every inference in the [Commonwealth's] favor.'" *R.S. v. Commonwealth*, 423 S.W.3d at 184 (citing to *Morrison v. Trailmobile Trailers, Inc.*, 526 S.W.2d 822, 824 (Ky. 1975)). A trial court may only grant a defendant's motion to dismiss pursuant to CR 41.02(2) if "upon the facts and the law the plaintiff has shown no right to relief." CR 41.02(2).

Additionally, upon review of a trial court's ruling on a motion to dismiss pursuant to CR 41.02(2) at the close of the Commonwealth's case-in-chief, an appellate court will only consider the evidence and testimony that was presented to the trial court at the time of its ruling and cannot consider testimony or evidence introduced during the defense's case-in-chief following the ruling on the motion.[3]

<u>Analysis</u>

Based upon our thorough review of the record below, the trial court did not abuse its discretion when it denied Warfield's motion to dismiss because the trial court reasonably found that the Commonwealth had met its burden of showing the commission of the crime charged through the testimony of its two

---

[3] Warfield's brief attempts to establish Warfield's lack of intent to steal the RAV4 by citing to testimony of a Lexington police officer regarding Warfield's statements to the officer at the time of his arrest on October 12, 2022. Appellant's Brief at 8. However, this statement cannot be taken into consideration in this Court's review of the trial court's ruling because that testimony was given during the presentation of the defense's case-in-chief, after Warfield's motion to dismiss was made. As the trial court did not have that testimony to consider at the time the court made its decision, we will not consider it in evaluating the trial court's ruling on the Kentucky Rules of Civil Procedure 41.02 motion.

-5-

witnesses and accompanying exhibits. While defense counsel questioned Olson regarding the value of the car during the trial, attempting to refute the value as required by Kentucky Revised Statute (KRS) 514.030(2)(e), Warfield's argument on appeal appears to focus solely on the intent element of the crime. Appellant's Brief at 6-8. To be convicted of theft by unlawful taking or disposition of movable property, the Commonwealth must show that the defendant "[t]akes or exercises control over movable property of another *with intent to deprive him or her thereof*[.]" KRS 514.030(1)(a) (emphasis added).

This Court articulated previously "*the intentions of an accused may be ascertained from the surrounding facts* and the jury is allowed a reasonably wide range in which to infer intent from the circumstances." *Rayburn v. Commonwealth*, 476 S.W.2d 187, 189 (Ky. 1972) (emphasis added) (citing *Russell v. Commonwealth*, 182 S.W.2d 773 (Ky. 1944), and *Nerren v. Commonwealth*, 105 S.W.2d 838 (Ky. 1937)).

In the present case, it was reasonable for the trial court, as fact-finder, to infer from the messages introduced into evidence by the Commonwealth and the testimony concerning those messages, that Warfield intended to permanently deprive Olson of her vehicle. Warfield failed to comply with Olson's repeated requests to return the car and indeed, Warfield never returned the vehicle to Olson or made arrangements for her to pick it up. Instead, she recovered the vehicle after

-6-

paying more than $200 in towing damages when the car was towed by order of the Lexington police following her reporting the vehicle as being stolen.

Warfield nonetheless asserts that the plethora of messages between Warfield and Olson, along with her testimony, "painted a murkier picture" than a clear revocation of consent by Olson of Warfield's use of the vehicle. Appellant's Brief at 6. However, it was within the sound discretion of the trial court as fact-finder to determine the credibility of the witnesses who testified at trial. Similarly, it was the trial court's duty to determine the weight to be given to the evidence introduced at trial. *Rose v. Ackerson*, 374 S.W.3d 339, 344 (Ky. App. 2012). Clearly, based upon the denial of Warfield's motion and the verdict rendered, the trial court found Olson and the evidence she presented to be more credible in proving Warfield's guilt.

Warfield states in his brief that Olson was "wishy-washy about the situation with [Warfield] and her car," but also states that he made repeated "attempts to keep [Olson] engaged and consenting to his use of the car." Appellant's Brief at 7-8. Considering the consistency of Olson's testimony and the evidence supporting her testimony, it was reasonable for the trial court to believe Olson's testimony to be true. From there, the trial court reasonably inferred that, in the face of repeated requests for the return of her car, Warfield's failure to return the vehicle over the course of several months was indicative of his intent to deprive

Olson of the vehicle. Therefore, the trial court's denial of Warfield's motion for dismissal per CR 41.02(2) was not an abuse of discretion.

We next consider Warfield's argument that the trial court erred in ordering him to pay restitution without first determining his ability to pay. Restitution orders that violate a statute are illegal sentences within the inherent authority of the appellate court to correct, regardless of preservation of error at the trial court. *Jones v. Commonwealth*, 382 S.W.3d 22, 27-32 (Ky. 2011); *Compise v. Commonwealth*, 597 S.W.3d 175, 181-82 (Ky. App. 2020); *Peterson v. Commonwealth*, 708 S.W.3d 435, 443 (Ky. App. 2025). However, failure of the trial court to consider a defendant's ability to pay when ordering restitution is a procedural deficiency reviewed for palpable error if not properly preserved. *Jones*, 382 S.W.3d at 29 (citing Kentucky Rules of Criminal Procedure (RCr) 10.26). A "palpable error" is one that "affects the substantial rights of a party." RCr 10.26. If the appellate court finds such palpable error, the court may only grant appropriate relief "upon a determination that manifest injustice has resulted from the error." *Jones*, 382 S.W.3d at 29 (quoting RCr 10.26). Warfield acknowledges in his Reply Brief that the alleged error was an unpreserved procedural error in sentencing, necessitating a review for palpable error per RCr 10.26 by this Court. Appellant's Reply Brief at 2; *see also Peterson*, 708 S.W.3d at 444.

The trial court's restitution order complied with the mandates of KRS 532.033 and was thus a legal sentence. This Court must analyze the two essential questions regarding restitution in this case: (1) Was it palpable error for the trial court to order restitution without determining Warfield's ability to pay; and (2) was the discrepancy in amount to be paid in restitution a clerical error?

Warfield argues that the trial court waived his public defender fee of $200 and reduced his monthly restitution payments from $200 per month to $100 per month. Appellant's Brief at 10. However, the trial court's rulings in this regard were not the recognition that Warfield could not afford to pay anything; instead, they were attempts made by the trial court to ensure that Warfield prioritized his restitution payments. Video Record 08/05/2024, at 2:58 p.m. (The trial court, when waiving the public defender fee, stated that she "would rather [Warfield] focus on getting that restitution paid.").

Indeed, at the final sentencing hearing, the Commonwealth requested that Warfield be ordered to pay $200 per month in restitution. However, at the request of defense counsel, the trial court lowered the amount to $100 per month. Therefore, from our review of the final sentencing hearing, it is clear that the trial court *did* make a finding as to Warfield's ability to pay in light of his counsel's request for the reduced payment. Thus, Warfield has failed to show this Court how an order requiring him to pay $100 per month in restitution for damages that he

caused to Olson's automobile so affects his substantial rights as to be a palpable error.

Furthermore, any discrepancy in the total amount to be paid in restitution was a clerical error, which may be addressed by the trial court. An error is clerical, rather than judicial, if the result was not "the deliberate result of judicial reasoning and determination[.]" *Davis v. Commonwealth*, 620 S.W.3d 16, 32 (Ky. 2021) (citing to *Buchanan v. West Ky. Coal Co.*, 291 S.W. 32, 35 (Ky. 1927)).

If a party asserts a clerical error in a criminal judgment, the party may move the trial court to correct such error, or the trial court may correct such error *sua sponte*. RCr 10.10. However, if a party brings such a clerical error to light on appeal, without first having preserved the error by moving the trial court pursuant to RCr 10.10, such an error may be reviewed by this Court for palpable error. *Davis*, 620 S.W.3d at 32 (citing to RCr 10.26). In this case, the error tends to *benefit* Warfield, as the Order of Restitution states a lower amount than the uncontested amount of $1,704.50, as stated in the trial judgment. The clerical error therefore did not affect Warfield's substantial rights so as to constitute palpable error. However, this Opinion shall not preclude the trial court from revisiting any alleged clerical mistakes in its orders.

For the reasons stated, the Bench Trial Verdict & Judgment of the Shelby Circuit Court is hereby affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah D. Daily
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Graham Pilotte
Assistant Solicitor General
Frankfort, Kentucky